Richmond, P. J.
In this action, plaintiff, Rebecca Jones, sought to recover of defendant, H. F. Jones, a certain sum of money claimed to be due under contract between them.
Prior to the 29th of November, A. D. 1876, plaintiff and defendant were husband and wife, and on that day articles of separation were entered into whereby H. F. Jones obligated himself to pay to Rebecca Jones certain sums of money for her support during the time they should remain separated.
Previous to the 31st day of August, 1887, H. F. Jones procured a decree of divorce and oh that day entered into the contract sued on.
The contract recites the existence of the previous “ articles of separation ” and the fact that they had been kept and maintained in force until that date. Further that a certain change of circumstances had arisen which rendered it desirable that there should be changes and modifications in the original articles, and in consideration of this fact and one dollar, H. F. Jones contracted to pay to Rebecca Jones during the time she should remain single the sum of $45 per month. Up to March 1st, 1889, defendant fulfilled the contract. Thereafter he defaulted and suit was brought to recover the amount due, $405.
To the complaint a demurrer was interposed and sustained and leave was granted to amend the complaint. Demurrer was filed to the amended complaint which was overruled, and subsequently default and final judgment entered against the defendant, lie having failed to answer. To reverse this judgment this error is prosecuted.
*30 The contention of plaintiff in error is, First—-That the contract was void, it being in restraint of marriage and therefore against public policy. Second—That the contract was without consideration.
Addressing ourselves to the first proposition we must call attention to the language of the contract. * * * “It is hereby mutually contracted and agreed that the party of the first part agrees to and with the party of the second part to pay to her for so long a time as she does not marry again the sum of $45 per month for each and every month that the party of the second part shall remain single and unmarried up to the date of her death.” * * *
This is not a contract in restraint of marriage. No obligation is imposed upon the woman not to marry. She is at liberty at any time to marry whom and where she will. The condition is that he will pay the $45 per month presumably for her maintenance and support so long as she may remain an unmarried woman. And this was her situation as averred in the complaint at the time of the institution of the suit.
There is nothing in the agreement, so far as we can discover, which in any way involves the question of morals or public policy.
It is unnecessary for us to express any opinion relative to the contention of the plaintiff in error that a contract in restraint of marriage is void as against public policy because it is evident from what we have already said that we do not consider the question involved in this case.
Now as to the second proposition, that there was no consideration to support this agreement. We must differ also with counsel upon that proposition.
Let us take into consideration the situation of the parties. Unable or unwilling to dwell together as man and wife they entered into an agreement to separate and live apart, she sacrificing the comforts of home upon his promise to furnish her adequate means of support. Thereafter and while this contract is in existence, the plaintiff in error procures a divorce upon what grounds the record is silent. But it is
*31 evident from the agreement entered into and sued upon that pr&otically no defense was made and no alimony sought on the part of the wife. After the divorce and up to the date of this agreement the former contract was recognized as binding and acted upon by both parties, and in consideration of the agreement to pay her at the rate of $45 per month she agreed to release him from his former contract.
• What the exact terms of the previous contract were we are not informed, except so far as it is set out in the agreement here. Its existence and legality is admitted and by the terms of this contract the defendant is released from its performance and the divorced wife surrenders what rights or interests she had thereunder and accepts in lieu thereof this promise to pay.
So far as is shown in this case the original agreement did not provide for its rescission or termination upon a divorce being obtained. The* promised support would be just as much needed after divorce as before. The record discloses that there was no agreement of parties for the divorce nor was there any in the negotiations preceding the divorce that the contract should be annulled thereby. A decree of divorce of its own force does not have the effect of terminating the prior agreement for separate support. “ Some contracts of separation might offend public policy and others not. Certainly there are cases where a wife would be justified in separating from her husband and asking support from him notwithstanding the separation.” Casey v. Mackey, 82 Me. 516.
An agreement for support is not abrogated by a subsequent divorce of the parties at least when no provision for alimony was made in the decree of divorce. Clark, Trustee, v. Fosdick et al., 118 N. Y. 7; Galusha v. Galusha, 116 N. Y. 635; Pettit v. Pettit, 107 N. Y. 677.
The agreement conclusively shows that the defendant did receive something for the promise made,to wit: a release of his former agreement which may or may not have been more burdensome in its requirements upon him than this one.
*32 A valuable consideration in the sense of the law may consist either in some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered or undertaken by the other.
Courts will not inquire into the adequacy of the consideration, it is enough that there is actually a consideration, that such consideration is legal and that it has some value.
We think the judgment of the court below should be affirmed.

Affirmed.