27 P. 85 
1 Colo.App. 28
 JONES v. JONES. 
Court of Appeals of Colorado
June 30, 1891

 
 Error
 to Arapahoe county court.
 
 
 [1
 Colo.App. 29] Caypless, Keeler & Sales, for plaintiff in
 error.
 
 
 G.M.
 Allen, for defendant in error.
 
 
 RICHMOND,
 P.J.
 
 
 In this
 action plaintiff, Rebecca Jones, sought to recover of
 defendant, H.F. Jones, a certain sum of money claimed to be
 due under contract between them. Prior to the 29th of
 November, A.D.1876, plaintiff and defendant were husband and
 wife, and on that day articles of separation were entered
 into, whereby H.F. Jones obligated himself to pay to Rebecca
 Jones certain sums of money for her support during the time
 they should remain separated. Previous to the 31st day of
 August, 1887, H.F. Jones procured a decree of divorce, and on
 that day entered into the contract sued on. The contract
 recites the existence of the previous "articles of
 separation," and the fact that they had been kept and
 maintained in force until that date. Further, that a certain
 change of circumstances had arisen, which rendered it
 desirable that there should be changes and modifications in
 the original articles; and in consideration of this fact and
 one dollar H.F. Jones contracted to pay to Rebecca Jones
 during the time she should remain single the sum of $45 per
 month. Up to March 1, 1889, defendant fulfilled the contract.
 Thereafter he defaulted, and suit was brought to recover the
 amount due, $405. To the complaint a demurrer was interposed
 and sustained, and leave was granted to amend the complaint.
 Demurrer was filed to the amended complaint, which was
 overruled, and subsequently default and final judgment
 entered against the defendant, he having failed to answer. To
 reverse this judgment this error is prosecuted.
 
 
 [1
 Colo.App. 30] The contention of plaintiff in error is: First,
 that the contract was void, it being in restraint of
 marriage, and therefore against public policy; second, that
 the contract was without consideration. Addressing ourselves
 to the first proposition, we must call attention to the
 language of the contract: "It is hereby mutually
 contracted and agreed that the party of the first part agrees
 to and with the party of the second part to pay to her for so
 long a time as she does not marry again the sum of $45 per
 month for each and every month that the party of the second
 part shall remain single and unmarried up to the date of her
 death." This is not a contract in restraint of marriage.
 No obligation is imposed upon the woman not to marry. She is
 at liberty at any time to marry whom and where she will. The
 condition is that he will pay the $45 per month, presumably
 for her maintenance and support, so long as she may remain an
 unmarried woman; and this was her situation, as averred in
 the complaint, at the time of the institution of the suit.
 There is nothing in the agreement, so far as we can discover
 which in any way involves the question of morals or public
 policy. It is unnecessary for us to express any opinion
 relative to the contention of the plaintiff in error that a
 contract in restraint of marriage is void as against public
 policy, because it is evident from what we have already said
 that we do not consider the question involved in this case.
 Now, as to the second proposition,--that there was no
 consideration to support this agreement. We must differ also
 with counsel upon that proposition. Let us take into
 consideration the situation of the parties. Unable or
 unwilling to dwell together as man and wife, they entered
 into an agreement to separate and live apart, she sacrificing
 the comforts of home upon his promise to furnish her adequate
 means of support. Thereafter, and while this contract is in
 existence, the plaintiff in error procures a divorce,--upon
 what grounds the record is silent. But it is [1 Colo.App. 31] 
 evident from the agreement entered into and sued upon that
 practically no defense was made, and no alimony sought on the
 part of the wife. After the divorce, and up to the date of
 this agreement, the former contract was recognized as
 binding, and acted upon by both parties, and in consideration
 of the agreement to pay her at the rate of $45 per month she
 agreed to release him from his former contract. What the
 exact terms of the previous contract were we are not
 informed, except so far as it is set out in the agreement
 here. Its existence and legality is admitted, and by the
 terms of this contract the defendant is released from its
 performance, and the divorced wife surrenders what rights or
 interests she had thereunder, and accepts in lieu thereof
 this promise to pay. So far as is shown in this case, the
 original agreement did not provide for its rescission or
 termination upon a divorce being obtained. The promised
 support would be just as much needed after divorce as before.
 The record discloses that there was no agreement of parties
 for the divorce, nor was there any in the negotiations
 preceding the divorce that the contract should be annulled
 thereby. A decree of divorce of its own force does not have
 the effect of terminating the prior agreement for separate
 support. "Some contracts of separation might offend
 public policy and others not. Certainly there are cases where
 a wife would be justified in separating from her husband and
 asking support from him, notwithstanding the
 separation." Carey v. Mackey, 82 Me. 516, 20 A. 84. An
 agreement for support is not abrogated by a subsequent
 divorce of the parties, at least when no provision for
 alimony was made in the decree of divorce. Clark v. Fosdick,
 118 N.Y. 7, 22 N.E. 1111; Galusha v. Galusha, 116 N.Y. 635,
 22 N.E. 1114; Pettit v. Pettit, 107 N.Y. 677, 14 N.E. 500.
 The agreement conclusively
 [27 P. 86.] 
 shows that the defendant did receive something for the
 promise made, to-wit, a release of his former agreement,
 which may or may not have been more burdensome in its
 requirements upon him than this one. [1 Colo.App. 32] A
 valuable consideration, in the sense of the law, may consist
 either in some right, interest, profit, or benefit accruing
 to one party, or some forbearance, detriment, loss, or
 responsibility given, suffered, or undertaken by the other.
 Courts will not inquire into the adequacy of the
 consideration. It is enough that there is actually a
 consideration, that such consideration is legal, and that it
 has some value. We think the judgment of the court below
 should be affirmed.