In the Matter of the Estate of WILLIAM BURNSIDE, Deceased.
Surrogate's Court, Richmond County, March 15, 1941.

*Kenneth S. Smith*, for Marjorie May Burnside, as executrix, etc., petitioner.

*Floyd Brownell*, for the claimant.

*James P. Kelly*, special guardian.

BOYLAN, S. One Josephine Burnside Hussey fied a claim against this estate for the distributive share of her deceased husband, Robert Osborne Burnside, in the estate of his mother, Elizabeth Bain Burnside. William Burnside, the decedent, was appointed the administrator of his wife's estate and it was agreed between the distributees of her estate and the said William Burnside that they would transfer and assign their interest to him. Part of the agreement and release reads as follows: "And also agree that in the event that he remarries, he will pay to the undersigned children a sum equal to their actual interest at law in said estate."

The intestate share of Robert Osborne Burnside in his mother's estate was about $1,600. This release was signed by him. The claimant contends that even though her husband signed the release and agreement, it is void because it is an agreement in restraint of marriage.

It is the policy of the law to encourage marriage and to discourage any interference therewith. Therefore, agreements creating general restrictions on marriage are contrary to public policy and are void. (*Robinson* v. *Martin*, 200 N. Y. 159; *Matter of Seaman*, 218 id. 77.)

But a reasonable restraint, designed to prevent hasty or imprud-

ent marriages, is permissible. (*Sterling* v. *Sinnickson*, 5 N. J. L. 885; *Lewis* v. *Johnson* 212 Mo. App. 19; 251 S. W. 136; *Barnes* v. *Hobson*, [Tex.] 250 id. 238.)

It is not contrary to public policy, however, for a person having a parental interest in another to restrict marriage along certain lines, such as infancy and relationship. So also, agreements not to marry a person under a certain age, or in a certain degree of relationship, or into a certain family have been held valid on the ground that the restraint is reasonable. (*Hogan* v. *Curtin*, 88 N. Y. 162.)

The rule that renders void contracts which are in general restraint of marriage has no force when applied to second marriages. Contracts in restraint of a second marriage are uniformly affirmed, for the reason that " neither the conservation of morals nor public policy furnish a basis for the rule as applied to the right of a husband or wife to withhold his or her estate from passing to the support of a second husband or second wife, as the case might be." (*Appleby* v. *Appleby*, 100 Minn. 408; 111 N. W. 305. See Richardson on Contracts [5th ed.], 156, 157.)

It follows, therefore, that the release is valid and that the contention of the objectant is untenable. The claim is disallowed and the account as filed is approved.

Submit decree accordingly.