No. 15,462.

COOPER *v.* COOPER.
(146 P. [2d] 986)

Decided March 13, 1944.

Messrs. Mosko & Slatkin, for plaintiff in error.

Mr. L. E. F. Talkington, for defendant in error.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

The parties to this action are before us in reverse order of their appearance in the trial court. For convenience, they are herein designated as plaintiff and defendant.

Plaintiff, the divorced wife of defendant, sued on a postnuptial separation agreement for certain payments due her according to its terms. Therein it was agreed inter alia that the husband would convey, and by the contract he did convey, to the wife, all his right, title and interest in and to the household goods, furniture and fixtures in the home of the parties, located at 360 Clarkson street in the city of Denver, and that the wife would convey, and by the contract she did convey to the husband, all her right, title and interest in and to a certain automobile which was registered in the name of the husband. The husband agreed to pay the outstanding family bills which were listed in an exhibit attached to the contract. The husband further agreed to pay the wife fifteen dollars each and every week after the date of the agreement, for her support and maintenance, and to continue said payments during her natural life, or until she should remarry, in the event that a divorce should thereafter be procured by either of the parties to the contract. It was specifically provided that nothing in the contract should be construed to prevent either party thereto from legally divorcing the other, nor

as relieving either party from the legal effect of any misconduct prohibited by statute. It was further provided that said contract might be enforced by either of the parties by legal action, or by proceedings in the nature of an action for specific performance, but such provision for enforcement of the contract was not to be construed as a limitation of any other right of action to which either of the parties might be entitled in the event of a breach of any of the conditions of the contract.

May 21, 1943, plaintiff commenced an action in the district court of the City and County of Denver, alleging that defendant had failed and neglected to make the weekly payments of fifteen dollars for the preceding two weeks and that there was then due and owing to plaintiff under the terms of said contract, the sum of thirty dollars. Thereafter, an amendment to the complaint was permitted whereby plaintiff alleged that since the filing of the complaint there had accrued and become owing to her an additional two hundred twenty-five dollars. A copy of the contract was attached to the complaint as "Exhibit A". Defendant moved to strike the complaint on the ground that it failed to state a claim upon which relief could be granted. The motion was denied. Defendant answered, admitting that he signed the contract; that he had refused to make weekly payments of fifteen dollars; and denied generally all allegations of the complaint not specifically admitted. For a second defense, he alleged, "that there was no consideration for the writing marked 'Exhibit A' and attached to the complaint, and it is not a contract." For a third defense, defendant alleged that immediately upon signing the contract, plaintiff brought action in divorce against defendant in the district court of the City and County of Denver; that an interlocutory decree was entered on February 13, 1941, and that the alleged contract was not submitted to the court for its approval; that the court did not in any manner approve

or disapprove the same, and that for this reason the said alleged contract was illegal and void. Plaintiff moved to strike defendant's answer on the ground that the matters therein pleaded constituted no defense to the complaint. This motion was denied.

Plaintiff, by way of replication, alleged that defendant's second and third defenses were legally insufficient to constitute any defense to plaintiff's complaint. Other matters in the replication need not be mentioned, for the reason that upon filing thereof, plaintiff moved that her replication, alleging the legal insufficiency of defendant's second and third defenses be sustained, and that she have judgment on the pleadings, in the amount of two hundred fifty-five dollars, which was the amount for which she prayed judgment in her complaint. The court sustained this motion and entered judgment accordingly, to reverse which defendant prosecutes a writ of error.

Defendant specifies but three points upon which he relies for reversal, namely: (1) That the motion of plaintiff for judgment on the pleadings should have been denied; (2) that the second answer of defendant, alleging that there was no consideration for the alleged contract, was a full and complete defense to the action and that, therefore, the motion for judgment on the pleadings should have been denied; (3) that the third answer, setting up that the alleged contract between the parties was void and unenforcible because it was not approved by the court in the divorce action between the parties, was a full and complete defense to the action, and that the motion for judgment on the pleadings should have been denied.

We are of the opinion that none of these specifications has merit. Defendant admits the execution of the postnuptial agreement, and in neither his answer nor his brief, does he set forth, or make any contention that there is any issue on the matter of the sufficiency of consideration to sustain the contract, except such as

appear on the face thereof. We think the contract shows on its face a legal consideration. Defendant thereby agreed to pay plaintiff fifteen dollars per week during her natural life or until she remarried. He further agreed to pay certain household expenses which, as a matter of law, he was obligated to pay. He agreed to convey, and did convey, to her whatever interest he had in certain household furnishings, and the wife agreed to convey to him, and did convey, whatever interest she had in a certain automobile registered in the name of defendant. Independent of the contract, the wife was not obligated to do this; the husband was not obligated to convey his interest in the furniture, nor was he obligated to make specific payments for her support. It may be said generally, that doing, or agreeing to do, what one is not legally obligated to do, constitutes in law, consideration. The fact, as pointed out by defendant in his brief, that plaintiff did not relinquish her rights to alimony in the event that she should procure a divorce, or the right to inherit as an heir of defendant in the event of his death, is balanced at least in part by the fact that defendant did not by the contract surrender his rights to inherit from his wife in the event of her death. In executing a separation agreement, we know of no rule compelling either party to surrender to the other all of the rights incident to the marriage status in order to make the contract valid. From the execution of the contract, December 24, 1940, until two weeks before suit was instituted thereon, May 24, 1943, defendant made the payments thereunder. He made such payments for more than two years after the interlocutory decree of divorce was entered. The date of the entry of the final decree of divorce does not appear, but subsequent to the time that the court had a right to determine the property rights and the support, if any, to be awarded to the wife, defendant recognized the contract and performed it according to its terms. The situation here presented

is not greatly dissimilar to that involved in the case of *Jones v. Jones*, 1 Colo. App. 28, 27 Pac. 85. The reasoning upholding the contract there involved is applicable to support the contract in the instant case.

■ ■ The second point specified as error, that the contract is unenforcible because in the divorce action (the possibility of which, the contract on its face shows was in contemplation of the parties) it was not approved by the court, is likewise without merit. Our statute, we think, is decisive on this point: "Courts shall have jurisdiction to enforce specifically the terms and payments provided in marriage settlement contract and separate maintenance agreements, heretofore or hereafter entered into, whether the parties have been divorced or not." '35 C.S.A., c. 56, §29.

The facts alleged by plaintiff and admitted by defendant, were sufficient in law to entitle plaintiff to the recovery which she sought. No other issues were raised by the pleadings, a determination of which would defeat such recovery and it was, therefore, proper for the court to enter judgment on the pleadings.

Judgment affirmed.

Mr. Justice Hilliard dissents.

Mr. Justice Hilliard dissenting.

I think that in so far as the contract involved provides for payment of money to defendant in error—and only as to that promise is breach alleged—the contract is void of mutuality and without consideration. The contract was entered into December 26, 1940, and reads as follows:

"These articles of agreement made and entered into by and between Arthur B. Cooper, hereinafter referred to as the party of the first part, and Helen E. Cooper, hereinafter referred to as the party of the second part, each of the City and County of Denver, Colorado:

"Witnesseth: That,

"Whereas: The parties hereto were lawfully intermarried on or about the 30th day of June, A. D. 1930 and are now husband and wife, and

"Whereas: Unfortunate, sundry and substantial differences have arisen between the parties hereto, and they are now living separate and apart as a result thereof, and

"Whereas: It is the desire of each of the parties hereto that they continue to live separate and apart, free from molestation or interference of one by the other, and

"Whereas: The party of the first part is steadily employed at a substantial salary and desires to make suitable provision for the maintenance and support of the party of the second part:

"Now, therefore, this agreement:

"For and in consideration of the keeping of the covenants, conditions and obligations herein contained, the parties herein have agreed, and by these presents do agree, as follows:

"1. The parties hereto will always and hereafter continue to live separate and apart, one from the other, and neither will annoy, molest or interfere with the other, and in all respects each of the parties will conduct himself and herself toward the other just as if the parties hereto had never been, and were not now, married.

"2. The party of the first part agrees to, and by these presents does, convey to the party of the second part all his right, title and interest in and to the household goods, furniture and fixtures now in the home of the parties hereto located at 360 Clarkson Street, Denver, Colorado; and the party of the second part agrees to, and by these presents does, convey to the party of the first part all her right, title and interest in and to a certain 1940 De Sota [sic] Automobile now registered in the name of the party of the first part.

"3. The party of the first part agrees to pay the outstanding family bills and expenses of the parties hereto,

to the extent that the same are included in this agreement and made a part hereof by list attached hereto, marked "Exhibit."

"4. The party of the first part agrees to pay to the party of the second part the sum of Fifteen Dollars ($15.00) each and every week after the date of this agreement, for the support and maintenance of said party of the second part, and to continue said payments during the natural life time of said party of the second part, or until said party of the second part shall remarry, in the event that a divorce should eventually be procured by either of the parties hereto.

"5. Nothing in this agreement shall be construed as preventing either party hereto from legally divorcing the other, nor as relieving either party from the legal effect of any misconduct prohibited by statute.

"6. This agreement may be enforced by either of the parties hereto, by legal action or by proceeding in the nature of an action for specific performance, however, this section is in no sense to be construed as a limitation of the right to any other right of action which either of the parties may be entitled to hereunder in the event of a breach of any of the conditions hereof.

"In witness whereof, The parties hereto have hereunto set their hands and seals, at Denver, Colorado, this 26th day of December, A. D. 1940."

(Properly signed by the parties.)

Other than as to the provisions of paragraph 2 of the contract, to have attention hereinafter, the wife's promise was to live separate and apart from her husband, and not "annoy, molest or interfere with" him, and to conduct herself toward her husband as if they never had been, and were not married. That, I submit, does not constitute consideration for the husband's promise to pay his wife money, nor, contrariwise, does the husband's promise to pay his wife money, constitute consideration for her promise to live separate and apart from him. Indeed, the contract is devoid of fact recitals

which justify agreements of husbands and wives to live apart. "At the time of the making of such an agreement the relations between the husband and wife must be of such a character as to render the separation a matter of reasonable necessity for the health or happiness of the one or the other. There must be a moving cause for it in addition to the mere volition of the parties. If it is the outcome of mutual caprice only, or a reckless disregard of the obligation of the marriage tie, then the courts will not enforce it. In almost all the cases that we have investigated, either from the recitals in the agreement for separation itself or from extrinsic evidence offered in connection therewith, the court has had before it an unhappy condition of marital relations as a moving cause for the contract. Judges have carefully discriminated between agreements for separation, outgrowths of domestic sorrow, entered into for the purpose of avoiding public scandal or notoriety, and those which have resulted from a wanton or reckless disregard of one of the highest obligations of life —the duty which the husband and wife mutually owe to each other and to the public at large. In this view of the law, an agreement for separation of the latter kind would be a mere usurpation of the power conferred upon the courts alone to adjust marital dissensions in decrees of divorce." *Stebbins v. Morris,* 19 Mont. 115, 47 Pac. 642. The Montana case is of kind with the one here. There, as here, the wife, proceeding soon after the execution of the contract, sued for divorce which was awarded. There, again as here, the wife, "relying upon the terms and provisions" of a contract to live separate and apart, and to enjoy material relief from the husband, quite as here, "did not make any demand or claim for any adjustment or decree as to their said property or right therein, but relied upon said contract, and believed that the defendant would carry the same out." A demurrer to the complaint there was sustained, and the like challenge to the complaint here, in

my opinion, should have moved the court to a similar ruling.

The only authority cited by the court is *Jones v. Jones,* 1 Colo. App. 28, 27 Pac. 85. The parties there entered into a separation agreement, the provisions of which were observed until the husband obtained a divorce, and thereafter until the making of a new contract differently termed. In short, the first contract, entered into correspondingly as of the time of the one here, was never defaulted. It was superseded by a new contract executed by the parties after the divorce, and the enforcement sought was upon that contract. The distinction is evident.

Only in paragraph 2 of the separation agreement is there mutuality of promise, and these promises were mutually kept and performed. No relief in relation thereto is sought by either party.

The court quotes section 29, chapter 56, '35 C.S.A., a remedial statute enacted in the interest of enforcing marriage and separate maintenance agreements. That statute, like the Jones case, is devoid of point. That there may be enforcement of such contracts by remedy not previously obtaining, does not foreclose inquiry as to the legal sufficiency of a contract thus sought to be enforced. In my view, the court opinion does violence to the law of contracts.