**Robert Murray GILLELAND, Appellant,**

v.

**Mrs. Gertrude MEADOWS et al., Appellees.**

No. 3681.

Court of Civil Appeals of Texas.

Waco.

Nov. 19, 1959.

486

Esir Tobolowsky and E. D. Hurt, Dallas, for appellant.

Mike Barclay and G. H. Kelsoe, Jr., Dallas, for appellees.

McDONALD, Chief Justice.

This is a suit to partition real and personal property brought by Robert Gilleland as plaintiff against his former wife, Mrs. Gertrude Meadows, her husband, and the three children of plaintiff and defendant Mrs. Meadows. Plaintiff and defendant Mrs. Meadows were formerly husband and wife. They acquired the property which is the subject matter of this suit, as community property, and had three children. In 1952 plaintiff and Mrs. Meadows were granted a divorce, which decree awarded the custody of the three children to Mrs. Meadows (with reasonable visitation rights to the father) and provided:

> "The homestead of the parties located at 2923 Grafton Street in Dallas, Texas, is hereby set aside to plaintiff (Mrs. Meadows) for the use and benefit of her three minor children, provided however that plaintiff remains a single person, until the youngest of said children shall become 21 years of age."

Plaintiff herein alleged that his former wife, defendant Mrs. Meadows, had remarried 28 November 1957 and he prayed for partition of the property.

The Trial Court, without a jury, rendered judgment that plaintiff take nothing. The Trial Court filed Findings of Fact

and Conclusions of Law, pertinent extracts of which follow:

## Findings of Fact

1) Plaintiff and defendant Mrs. Meadows were husband and wife prior to their divorce in 1952.

2) Such divorce decree provided: " * * * the homestead of the parties is set aside to plaintiff for the use and benefit of her three minor children, provided however that plaintiff remains a single person, until the youngest of said children shall become 21 years of age * * *."

3) The homestead was community property of plaintiff and defendant.

4) Defendant Mrs. Meadows has lived in the property since the divorce in 1952.

5) Defendant married Mr. E. C. Meadows on 28 November 1957.

6) Mr. E. C. Meadows has made his home in the property since 28 November 1957.

7, 8) Two of the children are over 21 years of age, are married and do not live on the property.

9, 10) The third child, Ronnie Gilleland, is 19 years of age, lives on the property and will be 21 years of age on 5 September 1960.

11) Ronnie Gilleland is employed and earns $200 per month.

12) Plaintiff has not disposed of his interest in the property.

## Conclusions of Law

1. That part of the judgment in the divorce case reading *"provided however that plaintiff remains a single person,"* is contrary to public policy, void, and unenforceable.

2. The marriage of defendant Mrs. Meadows in 1957 did not terminate her right to occupy the property as her home, and make the property subject to partition.

3. The property is not subject to partition until 5 September 1960, when Ronnie Gilleland becomes 21 years of age.

## Additional Conclusions of Law

1) The marriage of defendant Mrs. Meadows did not terminate the right of Ronnie Gilleland to occupy the premises.

2, 3) The judgment impressed a trust on the property for the benefit of the minor children which was not terminated by the remarriage of Mrs. Meadows.

The plaintiff appeals, contending: 1) Conclusion of Law 1 is incorrect, that the divorce decree created no obligation on defendant not to remarry, but merely set a time when plaintiff had a right to partition his property. 2) Conclusion of Law 2 is incorrect because same is contrary to the divorce judgment and to the law. 3) Conclusion of Law 3 is incorrect because same is contrary to the divorce judgment and to the law. 4) Additional Conclusions of Law 1, 2 and 3 are contrary to the law.

 This case resolves itself to the question of whether the Trial Court could properly make use and occupancy of the house (community property of the husband and wife) by the wife and minor children dependent on the wife remaining a single person. In its divorce decree the Trial Court could have ordered a partition of the community property at that time, but it instead, within its discretion, as it had a right to do, set the community property aside for use by the mother and minor children, subject to provision that such use terminated should the mother remarry, or when the children became 21 years of age. Just as the Trial Court had the right within its discretion to set the property aside in the first instance, the Trial Court had

the right to prescribe the conditions under which such situation would terminate, and leave either of the parties free to move for a partition of the property. The authority of the Trial Court, within its discretion, to create the use or dedication of the property to the wife and minor children, or to not create such use, necessarily implies the same authority to prescribe the conditions under which the use or dedication would come to an end, in the absence of some public policy to the contrary. See Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189, W/E dism'd.; Housewright v. Housewright, Tex.Civ.App., 41 S.W.2d 1071, W/E Refused; Evans v. Evans, Tex.Civ. App., 50 S.W.2d 842, W/E Refused; Maisel, v. Maisel, Tex.Civ.App., 312 S.W.2d 679, no writ hist.; Hudson v. Hudson, Tex.Civ.App., 217 S.W.2d 694, no writ hist.

█ The Trial Court concluded that the provision *"provided that plaintiff remarries"* is contrary to public policy and void. Such provision is not a limitation upon the right to remarry, but upon the continuance of the right to use plaintiff's interest in the community property. Such is not contrary to public policy, and we cannot agree with the Trial Court's conclusion. See In re Appleby's Estate, 100 Minn. 408, 111 N.W. 305, 308, 10 L.R.A.,N.S., 590; Jones v. Jones, 1 Colo.App. 28, 27 P. 85; In re Burnside's Estate, 176 Misc. 562, 27 N.Y.S. 2d 78, 79; Gleason v. Mann, 312 Mass. 420, 45 N.E.2d 280, 283. The same conclusion is reached by Texas courts in cases construing such provision in a will. See Foote v. Foote, Tex.Civ.App., 76 S.W.2d 194, 195, W/E Refused, and cases therein collated.

█ It follows that we think that the Trial Court in the 1952 divorce decree had the right and the authority to provide as it did, and that same is not against public policy, void or unenforceable. The right of both defendant Mrs. Meadows and of the minor children to occupy the property terminated upon the mother's remarriage.

The property was subject to partition by plaintiff at that time.

The judgment appealed from is accordingly reversed and remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.