**Robert Murray GILLELAND, Appellant,**

v.

**Mrs. Gertrude MEADOWS et al., Appellees.**

No. 15922.

Court of Civil Appeals of Texas.

Dallas.

Nov. 3, 1961.

Rehearing Denied Dec. 1, 1961.

Esir Tobolowsky and E. D. Hurt, Dallas, for appellant.

G. H. Kelsoe, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Our opinion heretofore delivered in this case is withdrawn and the following opinion is substituted.

This is a partition suit in which appellant Robert Murray Gilleland was plaintiff in the trial court and the defendants were his former wife Gertrude Meadows, her present husband, E. C. Meadows, and three minor children of Gilleland and his former wife.

Preliminary Statement

Robert Gilleland and Gertrude Gilleland were divorced in 1952 in a suit instituted by the wife. The decree provided that the community homestead of the parties at 2923 Grafton Street in the City of Dallas, Texas be set aside to the wife Gertrude Gilleland "for the use and benefit of the three minor children, *provided, however, that the plaintiff remains a single person,* until the youngest of said children shall become 21 years of age." (Emphasis ours).

Soon after the marriage of Gertrude Gilleland to E. C. Meadows on November 28, 1957, appellant Gilleland instituted this partition suit.

This is the second appeal of the case. At a former trial judgment was rendered against appellant Gilleland, denying his right to a partition of the Grafton Street property. The trial court held that the part of the divorce judgment reading "providing, however, that plaintiff remains a single person" was contrary to public policy, void and unenforceable. Upon appeal the judgment in the partition suit was reversed. The Court of Civil Appeals at Waco held that the above quoted clause in the divorce judgment was not an attempt to limit the right of Gertrude Gilleland to remarry, but was merely a limitation on the right of Gertrude Gilleland to use appellant Robert Gilleland's interest in the Grafton Street property in the event she did remarry. Gilleland v. Meadows, Tex.Civ.App., 329 S.W.2d 485.

The opinion in the above appeal quotes from the findings of fact filed by the trial court following the first trial of the partition suit. These findings recite that at the time of the first trial of the partition suit two of the children were over 21 years of age, were married and did not live on the property; and that the third child was then 19 years of age, living on the property and would become 21 years of age on September 5, 1960.

Following reversal on appeal and remand of the cause the trial court ordered partition of the property. A receiver was appointed and the property on Grafton Street was sold by the receiver on July 8, 1960 to appellee Gertrude Meadows and her husband, E. C. Meadows for a consideration of $7,300.

The parties have stipulated that the net proceeds to be distributed amount to $4,-823.19. This includes small amounts on hand in addition to the net proceeds of the sale of the Grafton Street property. The court allowed Gertrude Meadows certain credits for money expended by her, but denied appellant Gilleland's claim for the rental value of the use of the property by Gertrude Meadows. The court then concluded that out of the $4,823.19 on hand, Gertrude Meadows was entitled to $4,372.00 and appellant Gilleland was entitled to $451.19. As Gertrude Meadows had already drawn an advance of $2,000 against her share of the proceeds, there remained only $2,372 to be paid to her. From this judgment the present appeal was taken by Robert Gilleland.

Facts

The record does not include a statement of facts. However the trial court made extensive findings of fact which are shown in the record. In the absence of a statement of facts we must presume that the findings of fact made by the court were supported by the evidence. Continental Fire & Casualty Ins. Corp. v. Surber, Tex. Civ.App., 231 S.W.2d 750; Chapman v. Harris, Tex.Civ.App., 231 S.W.2d 549. The facts established by the court's findings and by other parts of the record are sufficient to enable us to decide the law issues applicable to the case.

In addition to the facts already stated in this opinion, the following facts have been established beyond dispute: appellant Gilleland and his wife Gertrude Gilleland each owned an undivided one-half interest in the Grafton Street property following their divorce in 1952, and neither party has transferred his interest except through the receiver's sale of July 8, 1960; after the divorce Gertrude Gilleland made payments out of her separate funds on the lien indebtedness and on taxes and insurance on the property in an amount of $2,872; she also made improvements on the property out of her separate funds which increased and enhanced the value of the property to the extent of $1,500; thus Gertrude Gilleland became entitled to a total credit for lien payments, insurance, taxes and improvements of $4,372; Gertrude Gilleland married E. C. Meadows on November 28, 1957,

and both Gertrude Meadows and E. C. Meadows have lived in the house since the date of the marriage; the reasonable rental value of the Grafton street property (including the improvements that were made) from the beginning of the year 1956 to the date of the sale by the receiver on July 8, 1960 was $62.50 per month; neither Gertrude Gilleland nor anyone else has paid appellant any rent for the use and occupancy of the Grafton Street property since the date of the divorce in 1952.

### Opinion

The trial court concluded as a matter of law that Mrs. Meadows was entitled to reimbursement in the amount of $4,372 for the money paid by her out of her separate funds since the divorce on the lien, taxes, insurance and improvements on the Grafton Street property. We think the court was correct in so concluding.

The trial court further concluded that appellant Gilleland was not entitled to anything for the use of the property by Mrs. Meadows continuously since the divorce of the parties in 1952. With this conclusion of law we do not agree.

The rule as we understand it is stated in Roberts et al. v. Roberts et al., 136 Tex. 255, 150 S.W.2d 236, 238, 136 A.L.R. 1019; and in Rucker v. Butcher, Tex.Civ.App., 300 S.W.2d 183, 185. We quote from the opinion of our Supreme Court in the Roberts case:

" * * * * while at common law, under the rule above announced, a tenant in common who occupies joint property without complaint from his cotenants is not required to account for the value of the use thereof yet when he resorts to equity and seeks contribution from his cotenants for funds expended in the betterment of the common estate, it would seem that he should be required to do equity and allow as an offset the value of the use of the premises. 62 C.J. 478; Clute v. Clute, 197 N.Y. 439, 90 N.E. 988, 37

L.R.A.,N.S., 146, 134 Am.St.Rep. 891; Ward v. Pipkin, 181 Ark. 736, 27 S.W. 2d 523; Patterson v. Miller, 154 Ark. 124, 241 S.W. 875; Engle v. Terrell, 281 Ky. 88, 134 S.W.2d 980; Mastbaum v. Mastbaum, 126 N.J.Eq. 366, 9 A.2d 51."

In the instant case Gertrude Meadows resorted to equity, and elected to seek contribution from her cotenant, appellant, Gilleland, for funds expended by her in the betterment of their common property. This she was entitled to do. But having so elected she will be required to do equity by allowing her cotenant an offset against her claim for contribution—the offset being the rental value of appellant's interest in the property while it was being used by Gertrude Meadows.

However, we do not agree with appellant's contention as asserted in his two points on appeal where he says that he is entitled to such offset for the entire period from the date of the divorce, August 20, 1952, to the end of the year 1959. From the date of the divorce until Gertrude Gilleland married E. C. Meadows on November 28, 1957, her possession and use of the property was by virtue of the provision in the original divorce judgment of 1952 whereby the Grafton Street property was set aside to Gertrude Gilleland for the use and benefit of the minor children, "provided, however, that the plaintiff remains a single person". Therefore, she was not accountable to appellant for rent prior to the time she married E. C. Meadows.

It is to be remembered that the limiting clause above quoted was upheld in the first appeal. Gilleland v. Meadows et al., Tex. Civ.App. 329 S.W.2d 485. Therefore, Gertrude Meadows' right of exclusive possession by virtue of the divorce judgment terminated when she married E. C. Meadows on November 28, 1957. It was then, but not until then, that appellant Gilleland became entitled to a partition of the property; and it was then, but not until then, that accountability began running against

Gertrude Meadows for the use of the property.

As disclosed by his two points on appeal appellant, apparently seeks an offset credit for the use of the property only through the year 1959. He does not seek credit for the use of the property clear up to the time of the receiver's sale, July 8, 1960.

With the established facts before us the offset to which appellant is entitled becomes a mere matter of arithmetical calculation.

Appellant was entitled to be credited with the rental value of his interest in the Grafton Street property from the date of the marriage of Gertrude Meadows, November 28, 1957, to the end of the year 1959, a period of 25¹⁄₁₅ months. At $62.50 per month the rental value of the whole property for the period was $1,566.67. Since appellant was the owner of only an undivided one-half interest in the property he was entitled to only one-half of its rental value, or $783.33.

In other words out of the total of $4,823.19 to be distributed the amount allowed to appellant Gilleland should be increased from $451.19 by adding the sum of $783.33, making a total allowance to Gilleland of $1,234.52. The amount allowed to Gertrude Meadows should be decreased from $4,372 by subtracting the sum of $783.33, leaving a total allowance to Gertrude Meadows of $3,588.67. Since it is undisputed that Gertrude Meadows has already been paid an advance of $2,000 out of her share of the proceeds, the balance still remaining to be paid to her is $1,588.-67.

Appellant's two points on appeal will be sustained only in part as above indicated.

The judgment of the trial court will be modified so that Gertrude Meadows will be paid the sum of $1,588.67 which will be in addition to the $2,000 already paid to her. Appellant Gilleland will be paid the sum of $1,234.52. As so modified the judgment of the trial court is affirmed.

Costs incurred subsequent to the decision of the Court of Civil Appeals in the first appeal of this case will be taxed equally against the parties. All costs incurred through the first appeal of the case will be taxed against appellees.

WILLIAMS, J., not sitting.