F. G. Piquette Vice President of Business Services Western State College Gunnison, CO 81230
Dear Mr. Piquette:
In a letter dated May 17, 1979 you have asked for the attorney general's opinion regarding the city of Gunnison's providing police services to the Western State College campus. Please let me apologize for the delay and any inconvenience it may have caused you.
QUESTION PRESENTED AND CONCLUSION
Specifically, you have inquired whether the city may assess the college or whether the city and the college may enter into a voluntary agreement for such services. You have indicated that the college has only one night watchman and does not otherwise have a security force.
 It is my opinion that the city of Gunnison may not assess the college for police protection, because such an assessment would be contrary to article X, section 4 of the Colorado Constitution, which exempts from taxation the real and personal property of the state. I also believe that the college cannot enter into a valid contract with the city for any services the Gunnison police force already is obligated to provide.
ANALYSIS
Article X, section 4 of the Colorado Constitution states that:
 The property, real and personal, of the state, counties, cities, towns and other municipal corporations and public libraries, shall be exempt from taxation.
A "tax" is defined as "that burden or charge upon all property laid for raising revenue for general public purposes in defraying the expense of government." Oaks v. Town of Hot SulphurSprings, 158 Colo. 456, 407 P.2d 677 (1965). The provision of police services is such a general public purpose and necessary expense of government, and if the city passed an ordinance or otherwise required a monetary payment from the college for police services, it would be an attempt to tax state property in violation of this constitutional provision.
Even if the city intended to use the college funds solely for campus rather than for general city police protection and claimed that the request was not a tax, but rather a "special assessment," the request for such funds would be impermissible. As you may be aware, there are two types of taxes, general "ad valorem" taxes, of the kind described above, and "special assessments," which are for improvements to specific property and are not imposed uniformly on the theory that the specific property involved is specially benefited by an increase in value from improvements made. See Oaks,supra. Therefore, because the provision of police protection does not in any way increase the value of the college's property, even if the city intended to use the college's funds solely for college policing purposes, rather than for the city as a whole, such a request for funds could not be defined as a permissible special assessment rather than tax for the general public welfare. In any case, whether the request is referred to as, for instance, a "tax," an "assessment," a "fee," or a "contribution" is immaterial, because the nature of the tax must be determined by its operation rather than by the particular descriptive language that may have been applied to it.See Golden State Bank v. Dolan, 37 Colo. App. 29,543 P.2d 1307 (1975).
Both state and municipal taxation of state property is prohibited by article X, section 4, quoted above. Although municipalities like Gunnison have been granted taxing authority, see
article X, section 7 of the Colorado Constitution, municipalities may tax only property which is taxable by the state,see C.R.S. 1973, 31-20-101. The possible sources of funds which you have mentioned, state appropriations for the educational and general costs of the college, or student room and board charges or other fees, would be state personal property or income derived from state real property, both of which are exempt from taxation.
I also do not think that the city and the college should enter into an agreement for a contribution of funds by the college as a voluntary alternative to a mandatory municipal "assessment" or tax. Although city and state authorities generally may cooperate or contract with one another to provide services, see
Colorado Constitution, article XIV, section 18; C.R.S. 1973,29-1-203, a promise by one party to do for another what he already is legally obligated to do will not support a valid contract. See Cooper v. Cooper, 112 Colo. 140,146 P.2d 986 (1944).
The college contracts with the city for whatever police services the city already must provide, such a contract therefore would be void and unenforceable. I am unaware of any Gunnison rules and regulations specifically defining police duties, or Colorado case law dealing directly with this issue. However, there are Colorado statutes and case law from other jurisdictions which indicate that the city police are obligated at least to monitor possible criminal activity under these circumstances and to respond to requests for assistance. C.R.S. 1973, 24-7-104
provides with respect to state security officers that:
 Nothing in this article shall be construed to exempt state property from the authority of law enforcement agencies within whose jurisdiction the state property located, except that representatives of such law enforcement agencies shall coordinate their official actions on state property with the appropriate security officers, except when emergency circumstances preclude such coordination.
C.R.S. 1973, 24-82-105 similarly states that:
 In addition to any other provision of law concerning jurisdiction of law enforcement personnel on state property, there is hereby vested in city police, town marshals, and county sheriffs, their undersheriffs and deputy sheriffs, jurisdiction to enforce the laws of this state on any state-owned or state-operated properties within their respective jurisdictions and to cooperate with members of the Colorado state patrol and other state law enforcement officers in such enforcement.
These statutory provisions indicate that city police have jurisdiction to enforce municipal and state laws on state property. That jurisdiction implies a correlative duty to so enforce the laws, particularly in the absence of a campus security force which itself could provide sufficient protection. In Brownstown Township v. County of Wayne, 68 Mich. App. 244,242 N.W.2d 538 (1976), the Michigan Court of Appeals held that although the county sheriff was not required to patrol regularly local areas not adequately policed by local authorities, he was required at least to exercise reasonable diligence to keep abreast of those areas inadequately policed. This may require limited vigilence, a monitoring of criminal activity or unusual conditions within his jurisdiction, and responding professionally to calls for assistance from the citizenry. See also State v. La Fever,486 S.W.2d 740 (1972). It is my understanding that these are the types of services the Gunnison police force has been providing in the past without compensation and are adequate at this time for the protection of the campus. The college could, however, enter into a valid contract with the city for police services in excess of the minimum requirements outlined above.
SUMMARY
In summary, it is my opinion that although everyone involved is sympathetic to the city's financial difficulties in this regard, the city may not receive funds by "assessment" or taxation of Western State College, and if the college contracts with the city for police services which the city already is obligated to provide, such a contract would be void and unenforceable.
FOR THE ATTORNEY GENERAL
 JUDITH B. WALKER Assistant Attorney General Human Resources Section
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
TAXATION AND REVENUE POLICE MUNICIPAL GOVERNMENT EDUCATION
C.R.S. 1973, 31-20-101
C.R.S. 1973, 29-1-203
C.R.S. 1973, 24-7-104
C.R.S. 1973, 24-82-105
Colo. Const. art. X, § 4
Colo. Const. art. XIV, § 18
HIGHER EDUCATION, DEPT. OF Western State College
City cannot assess a state college for routine police services. A contract for such services would probably be void due to the lack of consideration, although contract for additional services would be valid.