VIRGINIA JAMES ET AL. V. MARGARET JAMES ET AL.

No. 6441.

1.   **Testimony of Parties to Suit.**—Under Revised Statutes, article 2248, a party to the suit claiming under a parol gift from her deceased father is incompetent to prove the transaction through which she claims. She would also be incompetent to testify to the same transaction in behalf of her coclaimants under the same alleged gift.

2.   **Decree of Divorce—Presumption.**—It does not devolve upon a party producing a decree of divorce upon personal notice to prove affirmatively the jurisdiction of the court granting the divorce when offered in another State.

3. **Same.** —The doctrine in this State is that in the absence of anything showing that a different construction is to be given it, a foreign judgment is held to have the same legal effect as if rendered here.

4. **Transfer of Stock in National Bank.** — It seems that stock in a national bank can not be transferred by delivery of the certificate of stock.

5. **Partition by Husband and Wife.**—If a partition between husband and wife of their property in contemplation of a separation has any effect, their subsequently living together and disregarding such division would render it of no effect.

6. **Res Adjudicata.**—A former judgment can only be conclusive of such matters as were essential to be determined before the judgment could be rendered. It is not conclusive as to collateral issues, or any matter which must be inferred from it. Although the rule is familiar that all matters put in litigation in a prior suit which could have been decided are concluded, it does not obtain where the decree itself shows that the issue was not passed upon. It would have no application in a second suit involving other and different questions and parties. See example.

7. **Presumption as to Laws in Another State.** — In the absence of proof of the law of descent in the Indian Territory the court will presume the law to be the same as in this State. This obtains as to community property of husband and wife.

APPEAL from Grayson. Tried below before Hon. C. B. Stewart, Special District Judge.

The opinion states the case.

*W. W. Wilkins* and *Brown, Gunter & Bliss,* for appellants.—1. Virginia C. James was competent to testify on behalf of the minor appellants as to the transaction between her and George D. James, deceased.

2. It devolved upon Margaret E. James to show that the court which she claimed entered the decree of divorce between her and Babb had by the laws of the Chickasaw Nation jurisdiction of the subject of divorce.

3. In the absence of proof the courts in this State will not presume the laws of the Chickasaw Nation to be the same as our statute laws on the subject of marital rights.

4. There was no evidence to show that by the laws of the Chickasaw Nation there was any such things as community rights as between husband and wife; and the title to the property in controversy was in the name of George D. James.

5. The grant of administration to Overton Love in the Chickasaw Nation was material in these suits to show the authority of said Love to enter into the aforesaid agreement with Margaret E. James, and to show that he was a proper party to the litigation in the Chickasaw Nation between Margaret E. James and himself, and that the result of said litigation was binding on the said Margaret E. James as to the property in controversy in these suits and the estate and legatees of George D. James.

6. The matters in controversy in this suit were fully litigated and decided in the suit by Margaret E. James against said Love as said administrator in the courts of the Chickasaw Nation.

7. In the proceedings by Margaret E. James against said Love as said administrator the validity of the agreement between George D. and Margaret E. James and said Love as said administrator were by the pleadings of the parties put in issue, and were by the judgment of said courts fully decided, which said judgment is conclusive as against the said Margaret E. James. Girardin v. Dean, 49 Texas, 247; Nichols v. Dibrell, 61 Texas, 541; Johnson v. Murphy, 17 Texas, 216; Freem. on Judg., sec. 272; Mackey v. Cox, 18 How., 104.

*Hare, Edmondson & Hare,* for appellees.—1. The court correctly ruled that Virginia James was incompetent to testify on behalf of the minor appellants as to the transaction between her and George D. James, deceased. Simpson v. Brotherton, 62 Texas, 170.

2. Even if the evidence was wrongfully excluded, the same was insufficient to establish the gift, a verbal gift of national bank stock being invalid. 2 Schouler on Pers. Prop., pp. 73, 74; Chevallier v. Wilson, 1 Texas, 171; Hendricks v. Snediker, 30 Texas, 304; Smith v. Sublett, 28 Texas, 170; National Banking Act, U. S. Rev. Stats.

3. It does not devolve upon appellee to show that the court which entered the decree divorcing herself from Babb had by the laws of the Choctaw Nation jurisdiction of the subject of divorce, the same being a court of record. Freem. on Judg., 3 ed., secs. 587, 565; Commonwealth v. Blood, 97 Mass., 538; Laws. on Presump. Ev., chap. 2.

4. While the evidence shows that George D. and Margaret E. James did divide their property between them, it further shows, and the court so found in its ninth finding of fact, that said parties shortly thereafter became fully reconciled, and after said reconciliation "treated this deed of separation as no longer in force."

5. The court did not err in its fourteenth finding of fact, the validity of the deed of separation between Margaret and George D. James and the agreement for division between Overton Love as administrator and Margaret James not being in question, and not being inquired of and not passed upon by the Chickasaw courts. It affirmatively appears from an inspection of the pleadings, verdict, and judgment, that only the validity of the will was in fact adjudicated, and that the same judgment could have been rendered without any reference to the several side issues loosely jumbled into the pleadings. It is also a correct principle of law that where there is a decree of an appellate court such decree must be regarded as the only decree in the case. Howell v. Hamilton, 33 Ala., 280.

6. The court could not presume that the common law was in force in the Chickasaw Nation, and knowing that some law must be in force correctly presumed that the marital laws of Texas were in force there. Bradshaw v. Mayfield, 18 Texas, 21.

7.   The finding that George D. James and Margaret E. James were at the death of said George lawfully man and wife, and entitled to all the legal rights arising from said relation, was in accordance with law. The evidence shows that the property was acquired during marriage, and the presumption was that it was community property.

HOBBY, PRESIDING JUDGE, *Section A.*—Margaret James, the appellee, brought suit in the District Court of Grayson County on February 23, 1886, against the Merchants' and Planters' National Bank, the Sherman Hotel Company, and the Sherman Opera House Company, to recover the property in controversy—certain shares of stock in said companies and dividends thereon, and certain money in said bank. Subsequently, in February, 1887, the appellants, Virginia James, and Eula E., Osceola, and George James, minor children of said Virginia, brought a similar suit against the same parties for this property. These suits were consolidated by order of the court.

There was a trial by the court. Conclusions of law and fact were found by the judge, and judgment was rendered in favor of Margaret James, appellee, for one-half of the property and for appellants Virginia and the minors for the remaining half. The latter excepted to the judgment and the conclusions of law and fact. The appellee Margaret James also excepted to certain conclusions found by the court, which we do not think it will be necessary to consider.

This appeal is prosecuted by Virginia James and the minors before mentioned.

There is no controversy as to the fact that the property for which the judgment was rendered was, at the date of the death of George D. James, deposited in the bank referred to, comprising about $6696.70, and thirty-two shares of stock, with accumulated dividends, amounting to about $784. The interest which the judgment shall draw is also agreed on. This litigation is between the surviving widow of George James, the appellee, and the heirs of Simon James, his son by a former marriage, who are appellants.

The case made by the pleadings and proof is substantially as follows: The appellee Margaret James and George D. James, the former a white woman, the latter a Chickasaw Indian, married in the Chickasaw Nation in August, 1853, and lived together until his death in November, 1885. At his death he owned thirty-two shares of stock in said bank of $100 each, and had on deposit therein in his own name community property of himself and appellee in the sum of $7499.57, with the dividends thereon. George D. James died intestate, leaving no children but appellee surviving as his heir, under the law of the Indian Nation to the effect that the property of all persons who died intestate should descend to the legal wife or husband and their children, if any;

if none, to his or her grandchildren. She claims the property also as community property of James and herself.

The appellants, the surviving wife and children of Simon James, son of George D. James, who died before his father, claim the property under a verbal or nuncupative will executed by said George James, and probated in accordance with the laws of the Indian Nation. They claim it also by virtue of a donation or gift from said James, and further as belonging to Simon James. They deny that appellee was legally married to said George D. James; allege that she and the said George in September, 1884, divided their property between them, and that this property in Texas became the estate of George James thereby.

There are other elaborate pleas; no question, however, being raised as to their sufficiency or the admission of evidence not authorized by the allegations, it will be unnecessary to refer further to them.

It will be seen from the foregoing that appellee's title is founded upon the claim that the property is the community estate of her deceased husband and herself, and upon the law of inheritance of the Indian Nation before mentioned, providing in effect that the property of the husband dying intestate should descend to the surviving wife if no child or children survived.

The claim of the appellants is based on a verbal will made by George D. James in the Indian Nation. Both claims were recognized by the court in its decree giving one-half of the property to appellants and the other half to appellees.

The first error assigned is the action of the court in excluding the following evidence of Virginia James, a party to the suit. The minors (also appellants) offered to prove by her that "in 1884 George D. James delivered to her the certificates of bank stock, thirty-two shares, and told her they were for her children and herself." The objection was that the testimony pertained to transactions between the witness and George D. James, then deceased, and that she was not competent to testify thereto; and the court sustained the objection.

To hold that she is a competent witness in this case to testify to such transaction with the deceased, we think would operate practically to nullify and destroy the leading purpose of the statute prohibiting this character of evidence. Rev. Stats., art. 2248. If her testimony upon this point is admissible in behalf of her coappellants, on the same principle they would be certainly competent to testify in her favor in the same action. This, we think, would be in violation of the spirit of the statute. The ruling of the court we believe to be correct and in harmony with the principle announced in Simpson v. Brotherton, 62 Texas, 171. No by-law of the bank was in evidence authorizing the transfer of the shares of stock by delivery, and we are not prepared to say that in the absence of such proof such delivery would have clothed

appellants with the rights of stockholders.    U. S. Rev. Stats., p. 930, sec. 5139.

The second and eleventh errors assigned are the court's finding that George and Margaret James (appellee) were legally married, and at his death they were lawfully man and wife, and entitled to the rights arising from such relation.

This finding was fully sustained by the facts.    It was shown that in 1852 she was divorced by decree of a court of competent jurisdiction in the Choctaw Nation, Towson County, Indian Territory, from Isaac S. Babb, who then resided with her in said Nation, and who had personal notice of the suit.    She had a copy of this decree when she was married to George James, in 1853.    It did not devolve on her to show affirmatively that the court had jurisdiction.    It is a familiar rule that the judgment itself is prima facie evidence that all the facts existed and were before the court which authorized its rendition.

The case cited by appellants, Commonwealth v. Blood, 97 Massachusetts, 538, to the effect that the presumption which would support the decree of the same court with reference to other matters does not obtain in a divorce proceeding, is not regarded as announcing the correct rule. U. S. Rev. Stats., sec. 587.    The reason for the exception is not apparent.    The doctrine in our State is that in the absence of anything showing that a different construction is to be given it, a foreign judgment is held to have the same legal effect as if rendered here.    Porcheler v. Bronson, 50 Texas, 561.

The third error assigned is that "the court erred in its sixth finding of fact; because, (1) the evidence shows that George D. James and Margaret E. James divided their property between them, and the property in controversy thereby became the separate property of George D. James; (2) the evidence shows that the said George D. James in his lifetime gave the thirty-two shares of bank stock to V. C. James and her children; (3) the evidence shows that $2484 of the money in bank was the property of Simon James."

It is true that the evidence does show that George D. James and his wife (appellee) entered into an agreement about September 24, 1884, to divide certain property and separate as man and wife.    But if it be admitted that a division of property between husband and wife made to facilitate and consummate the dissolution of their marriage relations can be recognized as valid, still there is testimony that the property in dispute in Texas was not included in this settlement.    The testimony shows also that this separation, continued but a few weeks, when they became reconciled and renewed their former relations by living together as man and wife until his death in November, 1885, "and that they no longer treated the agreement as in force."    Whatever sum of money had been deposited to the credit of Simon James was shown to have been drawn out by him prior to his death, with the exception of

a small balance of about $127, which was subsequently paid to appellant Virginia James, his widow. There was no proof of a gift of the shares to appellants by George D. James, as the testimony of appellant Virginia on this point was excluded. This disposes of each objection to the court's finding.

The fourth assignment raises substantially the same question we have just disposed of, as does also the fifth.

The sixth assignment is that "the court erred in finding that Margaret E. James and Overton Love, as administrator of the estate of George D. James, deceased, entered into an agreement on November 17, 1885, by which they agreed to divide certain property belonging to the estate of said George D. James, Margaret James to take so much in satisfaction of her claim against the estate of George D. James, deceased, and Overton to take the balance as administrator, but that said agreement was never executed or carried out in accordance with its terms, and was afterward repudiated by said Love."

The seventh is as follows: "The court erred in finding that Margaret E. James did not understand said agreement, and believed at the time that she executed the same that it had no reference to property in Texas and did not intend to divide the Texas property in controversy herein, and to this extent the said Margaret was misled by the said Overton Love."

The conclusion of law found by the court in this connection, which is assailed under the fifteenth assignment, is that "the agreement was illegal and void, because opposed to public policy, a trustee not being allowed to barter with the beneficiary in reference to funds in his hands."

The evidence of the witness Halford and the appellees shows that the property in litigation was not intended to be and was not embraced in the settlement dated December 17, 1885, between her and Love, the administrator of George D. Jones' estate in the Indian Territory. And it also shows that she expressly declined to include it. There is evidence, too, supporting the finding that the contract was not executed on the part of Love. A reproduction of the testimony on this issue would consume much time and accomplish nothing more than would be effected by the statement that it is wholly conflicting.

It is insisted that "the court erred in the fourteenth finding of fact, because the evidence shows that in the controversy between Margaret E. James and said Love, as said administrator, in the courts of the Chickasaw Nation the validity of the will of the said George D. James and Margaret E. James, and the validity of the agreement between the said Margaret E. James and the said Love as said administrator, were each and all in controversy, and were by the court decided in favor of Overton Love as said administrator."

A suit was instituted by the appellee in November, 1885, in the District Court of the Chickasaw Nation against said Love, administrator

of James' estate.   The purpose of this suit was to set aside the verbal will of George D. James, under which the property was given to appellants, and to set aside Love's appointment as such administrator. Love's answer, in addition to averments of his appointment as administrator and the validity of the will sought to be set aside, alleged the making of the agreement between appellee and himself before mentioned and that between George D. and Margaret James for the division of their property in September, 1884, and further alleged the invalidity of her marriage to George D. James.

A trial resulted in a verdict by the jury as follows:   "We, the petit jury impaneled and sworn to try the case of Margaret E. James v. Overton Love, administrator of G. D. James' estate, do agree that the will of G. D. James is good, and that Mrs. Simon James and her children are entitled to the property in question."

The judgment of the court thereon is as follows:   "Judgment of the court in favor of the defense and costs assessed against the plaintiff, the amount being $1389.15, and the rents and money withheld from the defense since the suit has been pending, $1340; and necessary papers to place the defendant in possession of property ordered issued. Application of appeal to Supreme Court given notice of by plaintiff's attorneys."

This is followed by an order from the Supreme Court of the Nation to the probate judge, dated in April, 1887, directing him to "carry out the will of G. D. James, deceased," etc.

The judgment upon appeal rendered by the Supreme Court is as follows:

"1 o'clock p. m., April 9, 1887.—Court met pursuant to adjournment.   The evidence in the case was then concluded, and after some considerable argument by counsel on both sides the case was submitted to the court for their decision.   The court, after some deliberation, decided that the will is good, and hereby confirm the decision of the lower court."

It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter and as a bar to further proceedings should have involved and determined the same vital issue, or that such issue or question should have been fairly within the scope of the pleadings.   The "matter in issue" is that upon which the plaintiff's cause of action is based, and which the defendant denies by his pleadings.   Vaughan v. Merriam, 55 N. H., 502.   It can only be conclusive of such matters as were essential to be "determined before the judgment could be rendered" (Philipowski v. Spencer, 63 Texas, 607), and is not conclusive as to collateral issues or any matter which must be inferred from it.   Id.; Oldham v. McIver, 49 Texas, 572.   Although the rule is familiar that all matters put in litigation in a prior suit which could have been decided

are concluded, it does not obtain where the decree itself shows that the issue was not passed on by the court. Teal v. Terrell, 48 Texas, 491.

Under these principles we think the facts show beyond controversy that the contention of appellants is not sustained that any other issue was determined by the Supreme Court of the Chickasaw Nation than the validity of the nuncupative will of George D. James and Love's appointment as administrator.

It is manifest from the verdict of the jury and the decree of the Supreme Court that such only were the vital issues involved and determined; and applying the strongest language in which the rule on the subject under discussion is couched on behalf of the appellants, "that the decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined but as to every other matter which the parties might have litigated," etc., still it would have no application in a second suit involving other and different questions and parties. Nichols v. Dibrell, 61 Texas, 541.

It does not appear that any other question was involved in that suit than the validity of the will of George D. James. Upon that issue it was determined adversely to her, and to that extent it is res adjudicata, and the court in this case was correct in so finding.

The only remaining errors assigned which have not been included in the disposition made of those we have considered are those complaining of the legal conclusions found by the court, that in the absence of proof as to the laws of the Chickasaw Nation the courts of this State will presume that they are the same as those in Texas; and that in accordance with such presumption the property in controversy was community property of George and Margaret James at the date of his death.

There was no error committed in thus finding. If it had been established by proof that the common law or any system of laws was in force in the Indian Nation with respect to marital rights, such law or laws would have directed judicial action, which must have conformed thereto. In the absence of such proof, however, the decisions are numerous in our State that the rights of parties must be decided by our own laws, upon the principle that they furnish the only known rule of decision. Crosby v. Huston, 1 Texas, 232, 233. There could have been no presumption that the common law prevailed in the Indian Nation, as some proof is required of that fact. None was made. Had there been, still it would not have been presumed to have been in force on the subject of marital rights, because it has never been in force in this State with respect to such rights. Bradshaw v. Mayfield, 18 Texas, 30. Some law from necessity must be presumed, and none can be, in the absence of evidence, except our own. Armendiaz v. Serna, 40 Texas, 291.

We have considered all of the assignments presented by appellants which appear to us to raise the controlling questions in this case. There

are several cross-assignments presented by the appellee; but as the contingency does not exist—the conclusion to reverse the judgment—on which alone we are invited to discuss or pass upon them, we will not consider them.

We see no error in the judgment, and think it ought to be affirmed.

*Affirmed.*

Adopted June 16, 1891.