## FIRST NAT. BANK OF BRYAN v. WHITE et al.

### No. 1693.

Court of Civil Appeals of Texas. Waco.

Feb. 27, 1936.

Rehearing Denied March 26, 1936.

C. C. Todd, of Bryan (in trial court only), and Sleeper, Boynton & Kendall, of Waco, for appellant.

Barron & Ware, of Bryan, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by appellee, Mrs. D. D. White, individually and as the duly qualified survivor of the community estate of herself and her deceased husband, D. D. White, against the Manhattan Life Insurance Company, a corporation, and appellant, the First National Bank of Bryan, Tex., a federal banking corporation, to recover the sum of $1,753 on an insurance

policy issued by said company on the life of her said husband. Appellee alleged that her said husband, on March 3, 1917, assigned said policy to appellant to secure his indebtedness to it; that thereafter, on October 10, 1931, he and appellant entered into a written agreement by the terms of which it agreed that if he would make an assignment of the business of the White Motor Company, a business then and there owned and conducted by him, to Wilson Bradley as trustee for his creditors, that it would release him from all his indebtedness to it; that he had made said assignment and was thereby released from all such indebtedness. The life insurance company made default. Appellant filed an answer in which it alleged that it held said policy under an assignment from the deceased White to secure his indebtedness to it; that such indebtedness was evidenced by a note in the sum of $5,400; that said policy was the only security from which such indebtedness could be collected; that said policy belonged to it or to the creditors of the estate of D. D. White, deceased; and that it, by reason of its assignment, had a superior right to the proceeds thereof. Appellant further alleged that while it did agree that deceased White should make such assignment to Wilson Bradley as alleged, that it was expressly stipulated in such agreement that secured claims should be paid first; that such assignment was never carried out and it did not receive anything therefrom, and that the same was by judicial decree held ineffective and declared to have never been consummated in the manner provided by law for statutory assignments; that its agreement that such assignment should be made as aforesaid was entirely without consideration and therefore null and void, or that, if any consideration ever existed, it had wholly failed.

The case was tried to a jury. The court overruled a motion by appellant for an instructed verdict in its favor and submitted certain special issues, in response to which the jury returned findings in substance as follows:

(1) It was the intention of D. D. White and the First National Bank, acting by and through its president, H. O. Boatright, in the execution of the instrument in writing dated October 10, 1931, that the same should operate as a release of said White's indebtedness to said bank.

(2) There was a consideration from said White to said bank for the execution of said instrument.

(3) The consideration from said White to said bank for the execution of said instrument did not fail.

The court rendered judgment in favor of appellee as survivor of the community estate of herself and her deceased husband and also in her individual capacity against the Manhattan Life Insurance Company of New York, a corporation, for the sum of $1,753, the amount due on the policy sued on herein, and also rendered judgment canceling all right, claim, title, or interest of appellant in and to the proceeds of said policy.

## Opinion.

Appellant, by various assignments of error, insists that the court should have instructed a verdict awarding it a recovery for the amount due on said policy. It contends, by propositions thereunder, that appellee's deceased husband was estopped by a prior judgment to assert that he had made a valid assignment of his business or properties to Wilson Bradley as trustee for the benefit of his creditors. Appellant, on October 10, 1931, held an assignment from said White of said policy to secure his indebtedness to it in the sum of $5,400. On that day appellant, acting by its president, H. O. Boatright, and joined by the Fidelity Finance Company and D. W. Howell, executed and delivered to said White the following instrument: "We, the undersigned, creditors of White Motor Company, Bryan, Texas, owned by D. D .White, hereby agree that if said D. D. White makes assignment of his business to Wilson Bradley, trustee, that we will abide by the amount we receive from the assignment and as far as the undersigned are concerned, the White Motor Company and D. D. White will be released from any and all further liability by virtue of his indebtedness to the undersigned, with the understanding secured claims will be paid first." Said White thereafter, on October 13, 1931, acting in the name of White Motor Company, a business owned and conducted by him as hereinbefore recited, executed an assignment to Wilson Bradley, trustee, conveying to him all the property and assets of said motor company in trust for the benefit of the creditors thereof, and recited therein that said motor company, owned by him as aforesaid, was unable to pay in full

its several creditors and desired to make a fair distribution of the property and assets of said company among its creditors. The testimony shows that the trustee or assignee, Wilson Bradley, took charge of all the property of the business conducted under the name of said motor company and that he kept a small but active bank account in his name as such trustee. The validity of said assignment is not challenged by appellant otherwise than by its contention of estoppel by judgment. Such an estoppel is held to exist when a particular issue involved in a pending suit has been determined in a prior suit between the same parties not based on the same claim or demand asserted in such pending suit. 26 Tex.Jur. p. 14, § 354. Appellant's plea, on which its claim that appellee is estopped to assert the validity of such assignment is based, is in the following words: "Said assignment was by judicial decree of this court in cause No. 12048, held that it never in fact became effective and was never consummated in the manner provided by law for statutory assignments. Wherefore, this defendant here and now pleads that said agreement for said assignment, if any, was entirely without consideration and therefore null and void." No further allegation in that connection was made. Appellant did not offer the judgment in said cause No. 12048 in evidence, but contends that the court was required to take judicial notice thereof. Appellant, in a bill of exception complaining of the refusal of the court to instruct a verdict, copied the original petition in said cause and the judgment of the court therein, and showed that such judgment was rendered in the same court before the same judge who presided at the trial of this cause. As shown by said judgment so copied, D. W. Howell was plaintiff in said suit and D. D. White, Wilson Bradley, and certain persons claiming labor liens on the property of said motor company were the only parties defendant. Said plaintiff sought recovery against White for unpaid rent for the premises occupied by him doing business as White Motor Company as aforesaid, and for foreclosure of his landlord's lien on all the property subject thereto. He alleged that Wilson Bradley was claiming some title or interest in said property by virtue of an assignment or sale, and prayed that such claims be subordinated to his rights in the premises. No other or further reference to the assignment under which Wilson Bradley claimed was made. Wilson Brad-

ley filed an answer, in which he alleged that his codefendant White had theretofore conveyed, sold, and transferred the assets of the White Motor Company to him as trustee for the benefit of his creditors, and that he was then in possession of the assets of said motor company; that he brought the same into court with the books, inventories, and accounts of the same and asked the court to be relieved of their custody and to be discharged from his trust. The court heard that case on February 20, 1932, and without further pleadings rendered judgment for the plaintiff for the rent claimed by him and foreclosed his landlord's lien. We have failed to find any allegation in the pleadings of any of the parties assailing the validity of the assignment to Wilson Bradley, further than plaintiff's claim above recited that his lien was superior thereto. The court nevertheless in said judgment found: "That said Wilson Bradley was named in a purported assignment for the benefit of creditors by said D. D. White, but that in truth and in fact such assignment never became effective and was never consummated in the manner provided by law for statutory assignments for the benefit of creditors." The court thereupon proceeded to appoint one George Butler receiver, and directed him to take charge of all the property of said White and sell the same at private sale for cash for the best price he could obtain therefor, and to deposit the proceeds of such sale in the registry of the court to be disposed of by further orders. Nothing further in that connection is shown.

A plea of res judicata, whether interposed in bar of recovery or as an estoppel to deny some particular fact in issue in the pending suit, must show that such fact was distinctly put in issue and directly determined in the suit in which the judgment pleaded was rendered. 26 Tex.Jur. p. 11, § 353. We do not think that the validity of the assignment to Wilson Bradley, trustee, for White's creditors generally, was put in issue by the pleadings in said former cause, and that the judgment rendered therein therefore lacks a necessary element of estoppel. Such a plea to be effective must further show that the suit in which the judgment relied on was rendered was between the same parties as in the pending suit in which the estoppel is claimed. Appellant was not a party to said former suit. Appellant claims that Wilson Bradley represented it and all

1123

other general creditors of said White and that it was therefore, through said Bradley, a party to said suit by representation and entitled to claim the benefit of any adjudication therein, under the rule announced in Galveston, H. & S. A. Ry. Co. v. Butler, 56 Tex. 506, 511, and Cavers v. Sioux Oil & Refining Co. (Tex.Com.App.) 39 S.W.(2d) 862, 866, pars. 5 and 6. We do not think that the rule so relied on is applicable in this case because Wilson Bradley, at his initial appearance in said cause, resigned his trusteeship, turned over the property, and asked to be discharged from his trust. He was therefore not a party to any controversy raised by the pleadings of the plaintiff in that case or determined by the court in said judgment. We do not think that the facts recited constituted, as a matter of judicial knowledge by the trial court, an estoppel by judgment, precluding an assertion by appellee that White executed said assignment in pursuance of said written proposition made to him by appellant and others, that such assignment was valid, and that the execution thereof constituted an acceptance of such proposition and a consideration for the promise of release contained therein. Neither do we think that the court erred in refusing appellant's motion for an instructed verdict in its favor on the ground of estoppel.

Appellant, by various assignments of error, contends that the property of the assignor which passed to the trustee included the policy sued on, and that its prior assignment of the same to secure the indebtedness of the assignor was superior to the rights of other creditors and to any right remaining in the assignor or his survivor, and that as a matter of law it could recover and appellee could not recover herein. Appellant, by its pleadings, conceded that it held said policy only as security for White's indebtedness to it. In further support of its right to recover, it alleged that it had never received anything on the indebtedness due it at the time of the assignment and that there was no other property which could be subjected to its debt. The written proposition by appellant and others to White upon which the assignment was executed provided that the signers thereto would abide by the amount they received from the assignment and discharge the assignor from further liability. Appellant offered no testimony in support of its allegation that there was no other property which could be subjected to the payment of its debt. It offered no testimony concerning what became of the property specifically assigned. It did offer testimony that no part of its debt had been paid, but in view of the fact that White was dead, that Boatright, with whom a part of his transactions were had, was also dead, that payments, if any, on its debt were particularly within the knowledge of the bank's officers or employees, and that the witness tendered to prove nonpayment was an interested one, nonpayment of its debt was not established as a matter of law. Thraves v. Hooser (Tex.Com.App.) 44 S. W.(2d) 916, 921, par. 4, and authorities there cited; Chicago Fire & Marine Ins. Co. v. Harkness (Tex.Civ.App.) 58 S.W. (2d) 171, 172, pars. 1, 2 and 3, and authorities there cited; Strickler v. Kassner (Tex.Civ.App.) 64 S.W.(2d) 1025, 1026, par. 3, and authorities there cited; Smalley v. Octagon Oil Co. (Tex.Civ.App.) 82 S.W.(2d) 1049, 1052, 1053, pars. 5 to 7, and authorities there cited. Appellant did not request the submission of any issue and must be deemed to have waived the benefit of any fact finding in support of its contentions. Every assignment for the benefit of creditors leaves a resulting trust in the assignor which may be asserted by him or his successors under certain circumstances. 3 Am.&Eng.Ency. of Law, p. 153. The life insurance company did not assail the right of appellee to maintain this suit nor to recover the amount due on said policy. Appellant, to assail her right to recover, had to at least establish a right to recover in itself, which involved, according to its own allegations, a showing that nothing could be reasonably expected by it from the property specifically assigned, and, under the state of the testimony above recited, securing a finding that its debt had not been paid, none of which it did.

The judgment of the trial court is affirmed.