**JONES et al. v. JONES et al.**
No. 9799.

Court of Civil Appeals of Texas.
Austin.
May 18, 1949.

292

Robert B. Thrasher and Wm. Clarke Blalock, of Austin, for appellants.

Appellees were not represented in this court.

HUGHES, Justice.

In Jones v. Lind, 211 S.W.2d 587, this court affirmed a judgment of the trial court setting aside deeds to 168 acres of land in Travis County. The parties in that suit and this suit are the same, but appellees there are appellants here.

The purpose of this suit, by appellants, is to recover the rental value of the lands recovered in the former suit while they were used and occupied by appellees.

The trial court, being of the opinion that a "plea in abatement" should be sustained, ordered the suit abated and decreed that appellants take nothing by their suit.

The "plea in abatement" alleged that the former suit "is for trespass to try title and for damages, and that all matters in controversy are involved in the first suit and will be finally adjudicated in that case, and, therefore, the court should take no jurisdiction of this case other than to dismiss it."

The only evidence offered in support of this plea was a stipulation that in the former suit appellants recovered a judgment setting aside certain deeds and re-covering the title to and possession of the 168 acres of land which they now own.

The pleadings in the former suit were not offered in evidence and it is not otherwise shown that rents for use and occupancy of the lands were or were not sued for in the former action.

 The proper guide for the trial court is found in the following quotation from Davis v. First National Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, 471, 144 A.L.R. 1: "It is apparent from the use in the quoted rule of the words 'distinctly put in issue' and from other expressions in the court's opinion in Oklahoma v. Texas [256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831] that consideration must be given to the pleadings in testing what was involved and determined in the former suit. In James v. James, 81 Tex. 373, 380, 16 S.W. 1087, 1089, it is said that: 'It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or that such issue, or question, should have been fairly within the scope of the pleadings.' See, also, First National Bank of Bryan v. White, Tex.Civ.App., 91 S.W.2d 1120; 30 Am.Jur. pp. 927, 928, § 182."

 Unquestionably the suit for rents could have been joined with the suit for cancellation of the deeds. 7 Tex.Jur., p. 1016.

 If the claim for rents was embraced within the pleadings in the former suit, then the judgment in that case could be pleaded in bar of this suit. Rackley v. Fowlkes, 89 Tex. 613, 36 S.W. 77.

 In our opinion this record did not authorize the trial court to sustain the "plea in abatement" and render judgment against appellants, and for the error in so doing the cause is reversed and remanded.

Reversed and remanded.