## MEGERT v. COLLARD.

### No. 6328.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 5, 1953.

Rehearing Denied Nov. 9, 1953.

See, also, 259 S.W.2d 774.

Jack Alexander, Borger, for appellant.

Hood & Hood, Borger, for appellee.

NORTHCUTT, Justice.

This suit was filed by Austin Collard, d/b/a C & C Liquor Store, against Robert Barnes and A. S. Megert, d/b/a Businessmen's Club of Borger, Texas, claiming a balance due him in the sum of $1,180.52 for liquor sold..and delivered to the Businessmen's Club of Borger, Texas. Robert W. Barnes did not answer in the case but appeared only as a witness called by Mr. Collard and testified that the amount of $1,180.52 was the correct amount due to Mr. Collard by the Businessmen's Club of Borger, Texas.

Mr. Megert answered in this cause and by his first amended original answer pleaded that in Cause No. 1747 on the docket of the County Court in and for Hutchinson County, Texas, one T. W. Porter (creditor of the Businessmen's Club of Borger, Texas) brought suit against Robert W. Barnes and A. S. Megert as defendants but recovered judgment as against Robert W. Barnes only because T. W. Porter did not establish the relationship of partners between Barnes and Megert and because of such judgment the issue as to a partnership was res judicata. Mr. Megert further pleaded the Two-year

Statute of Limitations, Vernon's Ann.Civ. St. art. 5526, and that Mr. Collard should not recover because the contract was based upon illegal transactions and violations of the law and particularly Article 666–15, Subsection (8) under Subsection (b) of the Vernon's Penal Code of the State of Texas; Article 666–23a, Subsection (6) and Subsections (a) and (b) of Article 666–27 and was therefore void and not the proper subject matter of any civil cause of action. Mr. Megert also asked that in case judgment was granted against him that he recover over and against Robert W. Barnes for the full amount of said judgment. This case was tried to the court without a jury. Judgment was granted for Austin Collard for $1,180.52 with 6 per cent interest from date of judgment as against the defendants jointly and severally. The defendant, A. S. Megert, excepted and objected to the trial court's ruling and judgment and hence this appeal.

Appellant owned a certain building in Borger, Texas. He leased the basement of this building to Robert W. Barnes for a period of five years beginning April 1, 1949, and ending March 31, 1954, at an agreed rental of $300 per month, this basement to be used for the purpose of conducting a dinner and dancing club and as a place of entertainment. As additional rental for said premises, appellant was to receive an undivided one-half of all the profits. For the purpose of commencing said business appellant and Barnes each were to contribute $7,000 for purchasing furniture and equipment and for the purpose of conducting the business. If further funds were needed each were to contribute equal amounts. Mr. Barnes was to receive a salary of $300 per month for managing the business. Appellant and Mr. Barnes each owned an undivided one-half of all equipment, furniture, and merchandise, and upon dissolution such division was to be made upon the basis of each owning one-half subject only to any advances or indebtednesses which either might have personally incurred with the business. This agreement contained further provisions not necessary to mention here.

Appellant's first assignment of error contends that the judgment entered in Cause No. 1747 of the County Court of Hutchinson County, Texas, is res judicata of the matters of the partnership as between Megert and Barnes. That judgment was not introduced in evidence and neither was there any other proper pleadings or evidence introduced showing the matters here involved had been litigated by the same parties or their privies. As stated in Davis v. First Nat. Bank of Waco, 139 Tex. 36, 161 S.W.2d 467, at page 471, 144 A.L.R. 1:

> "It is apparent from the use in the quoted rule of the words 'distinctly put in issue' and from other expressions in the court's opinion in Oklahoma v. Texas that consideration must be given to the pleadings in testing what was involved and determined in the former suit. In James v. James, 81 Tex. 373, 380, 16 S.W. 1087, 1089, it is said that: 'It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or *that such issue, or question, should have been fairly within the scope of the pleadings.*' (Our italics.) See, also, First National Bank of Bryan v. White, Tex.Civ. App., 91 S.W.2d 1120; 30 Am.Jr. pp. 927, 928, § 182."

Appellant's first assignment of error is overruled.

Appellant's second assignment of error complains of the action of the trial court in not sustaining the plea to the Two-year Statute of Limitations claiming appellant was not sued until over two years after the last purchase was made. This case was tried upon appellee's second amended original petition and appellant's first amended original answer. There is

no evidence in this case to show just when appellant was first sued herein except the remarks of the court where it is stated "This case was filed on August 21, 1950 * * *". This would be less than a year from the date of the sales in question. Under this state of the record appellant's second assignment of error is overruled.

■ Appellant presented his 3rd, 4th, 5th, 6th, and 7th propositions together. We will discuss these five points together since they all deal with the contentions made by appellant that appellee could not enforce his claim for the sum unpaid because the transactions were void because appellee violated the terms of different provisions of Article 666 of the Penal Code of the State of Texas. There is not any evidence or even a contention made that appellee personally violated the law in selling or delivering any of the liquor in question but all of the sales were made by Otho Givens, agent and manager of the C & C Liquor Store that was owned by appellee. By virtue of an appointment or holding out as a managing or supervising agent one may act for the principals so far, and only so far, as is lawful and as it is usual and reasonably necessary for those in charge of a business or property such as has been confided to his care to act. There is no evidence in this case to even suggest that appellee ever instructed Otho Givens to sell or deliver any liquors in violation of the law if any violation was committed. If Otho Givens sold or delivered any liquors in violation of the Penal Code he and not Mr. Collard would have been prosecuted for such violations. These sales were direct sales made to the Businessmen's Club of Borger, Texas. In what manner the liquors were to be disposed of by this club had nothing to do with the sale. In the case of Bonnie & Co. v. Blankenship, Tex. Civ.App., 208 S.W. 934, the court said:

"It is evident that the court instructed a verdict herein upon the ground that a contract in violation of law or the public policy of the state will not be enforced. This principle

is well established, but it is not applicable to the facts of this case, which are: Appellee was not qualified to obtain a license to operate a saloon in Bell county. He procured one Grover C. Williams to obtain such license; appellee furnishing the money, and in fact owning the business, though it was operated in the name of Williams. Appellants' agent sold appellee whiskies to be used in said business, knowing the facts as here stated.

"This suit was brought to recover the price of such whiskies. After testimony was introduced by appellants, showing the facts as herein stated, the appellee moved the court to instruct a verdict for appellee, which was done.

*   *   *   *   *   *

"We are not called upon to decide whether or not a contract is void when a part of the agreement is to use the subject-matter, or a part of it, for an unlawful purpose. If we were, we would hold that such agreement renders the contract void. But such is not the case here. It was no part of the consideration for which appellant sold the whiskies that appellee should use them in unlawfully carrying on a saloon business. The fact that appellant knew that appellee intended to do so does not prevent a recovery for the price of the goods sold.

"For the reason stated, the judgment of the trial court is reversed, and judgment is here entered for appellant for the amount sued for.

"Reversed and rendered."

■ The undisputed evidence is that appellee, Mr. Collard, never personally sold any of the liquor in question and delivered any of it. There is no competent evidence that Mr. Givens, appellee's agent, ever violated the laws in the matters here involved as to make the transaction void. The trial court found the law and evidence against appellant and no findings of fact or conclusions of law were requested and

none are in this record. City of Galveston v. Winslow, Tex.Civ.App., 218 S.W.2d 508, 511, stated:

"It is a well established rule of law in this state that, when no findings of fact have been requested or filed an appellate court must assume that the trial court correctly found all fact issues having support in the evidence in favor of the judgment rendered. Texas Rules of Civil Procedure, rules 296, 298, 299; Baker v. Elliott, Tex.Civ. App., 198 S.W.2d 152; Bostwick v. Bucklin, Tex.Civ.App.; 190 S.W.2d 814, affirmed by the Supreme Court in 144 Tex. 375, 190 S.W.2d 818.

"It is also the established law in this state that in non-jury cases, the trial court's judgment must be affirmed if there is proper evidence in the record to support the judgment rendered on any theory. Gray v. Luther, Tex.Civ. App., 195 S.W.2d 434; Gulf Coast Chemical Company v. Hopkins, Tex. Civ.App., 145 S.W.2d 928; 3 Tex.Jr. page 1060."

Appellant's 3rd, 4th, 5th, 6th, and 7th propositions are overruled.

Appellant presents as his 8th proposition that the court erred by not granting him judgment over against Barnes because Barnes had contracted to hold appellant harmless from personal liability. There is no showing in this record appellant ever made Barnes a party as to his request for judgment over against him and no citation is shown that Mr. Barnes was made a party and Mr. Barnes never appeared and answered and was only called as a witness by appellee. Appellant's 8th proposition is overruled.

Appellant first assigned nine assignments of error or nine propositions but under his statement and argument under the propositions he only presented four propositions. Since appellant has his 9th proposition to the effect that he was entitled to have the contract entered into on March 30, 1949, declared to be a lease agreement in lieu of

a partnership agreement, we feel that we must dispose of this proposition. For full discussion and disposition of this point see the case of Megert v. Barnes, Tex.Civ. App., 259 S.W.2d 774, where it was held that the parties here involved were partners under this contract. Appellant's 9th proposition is overruled.

Finding no reversible error herein, the judgment of the trial court is affirmed.