**J. B. HOWLE, Appellant,**

v.

**Chloe HOWLE, Appellee.**

No. 302.

Court of Civil Appeals of Texas.

Tyler.

Nov. 30, 1967.

Ramey, Ramey & Neal, Jack G. Neal, Sulphur Springs, for appellant.

Woodrow H. Edwards, Mount Vernon, Smith, Johnson & McDowell, Coy Johnson, Sulphur Springs, for appellee.

DUNAGAN, Chief Justice.

Appellee, Chloe Howle, was granted a divorce from appellant, J. B. Howle, on August 28, 1964, and custody of the minor child was given to appellee. In the divorce decree, a brick veneer dwelling and other improvements situated on a two-acre tract of land, being the same property here involved, were held to be community property. The judgment made no specific finding concerning the two-acre tract of land upon which the dwelling was situated. The brick veneer dwelling house and the other improvements situated on the two-acre tract of land were set aside for the use and benefit of appellee and the minor child, Debbie Sue Howle, until said minor child became 21 years of age or married, or until appellee remarried.

Appellee first filed her petition in the case at bar on August 1, 1966, alleging that the property in question (land and the dwelling thereon) was the community property of appellant and appellee, and further alleging that such property was not susceptible of partition and sought to have the court dispose of such property by sale and to divide the proceeds equally between appellant and appellee. Thereafter, appellee filed her first amended original petition alleging in the alternative in the event the subject property was not community property that she be reimbursed for her interest in the improvements placed thereon. Subsequently appellee, by her first supplemental petition, waived any rights acquired under the 1964 judgment to the use and occupancy of the subject property.

The trial court entered judgment on January 5, 1967, finding therein that the brick veneer dwelling and other improvements in question were undisposed of in the divorce decree of 1964; that appellee waived any rights to use or occupy the dwelling and other improvements; and that the dwelling and improvements, in accordance with the stipulation entered into between the parties, were of the value of $9,700.00. The trial court awarded appellee judgment for $4,850.00 as reimbursement for her community interest in said property, and decreed a lien in favor of appellee in said amount on the two-acre tract of land.

From this judgment appellant has appealed to this court.

The case was tried to the court without a jury. No separate findings of fact or conclusions of law were filed and none requested.

The statement of facts in this case consists only of the stipulation between the parties and the judgment of divorce of August 28, 1964. The portion of the divorce decree of August 28, 1964, concerning the property here involved, reads as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the brick veneer dwelling house and other improvements situated on a 2-acre tract of land in the E. Esparsa Survey be and the same is hereby set aside for the use and benefit of plaintiff and the minor child, Debbie Sue Howle, until said minor child shall reach the age of 21 years or married. When said minor child reaches 21 years of age, plaintiff shall vacate said premises and same shall be disposed of by sale or otherwise by order of this court, provided, however, that should plaintiff remarry before the said minor reaches the age of 21 years then and in that event plaintiff shall vacate said premises, and same shall be disposed of by sale or otherwise as herein provided. No sale of said land and premises shall be valid until proper order has been entered by this court approving said sale."

It was stipulated between the parties on the trial of this cause that: the two-acre tract of land here involved is the separate property of the appellant, J. B. Howle; the value of the brick veneer dwelling house and other improvements situated on said tract of land is $9,700.00; Debbie Sue Howle, the daughter of the parties, is below the age of 21 years and is unmarried; and the appellee, Chloe Howle, has not remarried since the date of the judgment. It was further stipulated that: Chloe Howle waives any right of the use and

benefit of the said improvements and property and desires to vacate the property; she further desires that the said property be sold and the proceeds divided equally between the parties hereto.

Appellant bases his appeal on three points of error:

(1) "The District Court erred in rendering judgment that the brick veneer dwelling house and other improvements situated on appellant's real property was community property."

(2) "The District Court erred in rendering its judgment in favor of appellee in that a prior judgment had heretofore been rendered which barred the relief granted by res adjudicata or estoppel by judgment."

(3) "The District Court erred in rendering its judgment in favor of appellee in that the effect of such judgment set aside the previous judgment of the court rendered on August 28, 1964, which judgment could only be set aside by a bill of review filed for sufficient cause within the time allowed by law."

It has been held "Where funds belonging to one spouse are used for placing permanent improvements upon the separate property of the other spouse, such improvements become 'attached to the soil, and cannot, in the nature of things, be divisible in specie when one of the joint owners has no interest in the land upon which they have been erected. Hence results the rule that the community estate must be reimbursed for the cost of the buildings erected by * * * funds upon the separate property of one of the spouses, and, in effect, this vests the improvement in that spouse, and entitled the other to one-half of the cost.' * * *" Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620 (1935). Also in Dakan v. Dakan, supra, the rule is set forth that " * * * where a spouse improves his or her separate property with the funds belonging to the community estate, the other spouse, or his or her heirs, would be entitled to reimbursement out of his or her

separate property, to the extent of their share of the community funds so used, and that their claim for such reimbursement is in the nature of a charge upon the property so improved. * * *" It also further held, that " * * * the principles of reimbursement in accounting between estates apply, without distinction, to both separate and community estates. * * *" See United States Fidelity And Guaranty Company v. Milk Producers Association of San Antonio, 383 S.W.2d 181 (Tex.Civ.App., 1964, San Antonio, writ ref., n. r. e.).

■ The Supreme Court of this state has held that "The charge or equity which one estate has against the opposite estate for reimbursement of all funds spent in enhancing the value of such opposite estate is only a claim for money and return of funds and not a right, title or interest in the land. * * *" Burton v. Bell, 380 S.W.2d 561, 564. Improvements upon real estate ordinarily partake of the estate improved, and belong to the owner of the fee. Speer's Marital Rights in Texas, Vol. 1, page 615, Sec. 414.

■ The trial court in the judgment in this case erroneously referred to the community property as consisting of a brick veneer dwelling house and other improvements situated on the two-acre tract. It is well settled, however, that an appellate court will sustain the judgment if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment or whether or not any reason at all is given. Maher v. Gonzalez, 380 S.W.2d 764 (Tex.Civ.App., San Antonio, 1964, n. w. h.); Holland v. Gibbs, 388 S.W. 2d 295, 300 (Tex.Civ.App., Austin, 1965, writ ref., n. r. e.); Southwestern Associated Tel. Co. v. City of Dalhart, 254 S.W. 2d 819, 823 (Tex.Civ.App., Amarillo, 1952, writ ref., n. r. e.).

■ By the stipulation entered into between the parties, it is apparent that appellee abandoned her original plea that the property was community property and relied solely on her alternative plea as to the character or status of the property. It is also apparent from a reading of the judgment before us for review that the court granted the relief sought by appellee in the alternative plea.

As reflected by the record in this case, there can be no doubt that this case was tried and disposed of solely on the theory that the property was the separate property of the appellant. The judgment supports this theory. Appellant's first point is overruled.

Next, we dispose of appellant's contentions under his Points 2 and 3.

■ In the instant case, appellee is seeking to be reimbursed for improvements erected on the separate property of appellant and paid for out of their community estate. To determine if this question was distinctly put in issue in the suit for divorce filed and adjudicated in 1964, consideration must be given to the pleadings in testing what was involved and determined in said suit. Jones v. Jones, 221 S.W.2d 291 (Tex. Civ.App., Austin, 1949, n. w. h.). In James v. James, 81 Tex. 373, 380, 16 S.W. 1087, 1089, it is said that: " * * * It is a general rule, having its foundation in sound reason, that the former judgment or litigation relied on as having adjudicated the matter, and as a bar to further proceedings, should have involved and determined the same vital issue, or that such issue, or question, should have been fairly within the scope of the pleadings. * * *" See Jones v. Jones, supra, and First Nat. Bank of Bryan v. White, 91 S.W.2d 1120 (Tex. Civ.App., Waco, 1936, writ dism.).

We have carefully examined the pleadings in the former case as shown in this record. The issues in controversy in the prior action are not the issues in controversy in this case.

■ Moreover, it seems to be a well established rule of law in this state that a de-

cree of divorce which does not purport to make a partition of the property between the husband and wife, or to settle their rights to property claimed by either, does not preclude a suit by either party for such partition, or for the establishment of such rights as either spouse may have. Gray v. Thomas, 83 Tex. 246, 18 S.W. 721 (1892); Whetstone v. Coffey, 48 Tex. 269; Gilleland v. Meadows, 329 S.W.2d 485 (Tex.Civ. App., Waco, 1959, n. w. h.).

The appellant argues that the right of appellee to use and occupy the brick veneer dwelling, having been fixed by the 1964 judgment, can be terminated only on the occurrence of one of the conditions specified therein, neither of which had occurred at the time of the judgment in the instant case, or by a bill of review. There can be no doubt that the right of appellee and of the minor child to use and occupy the property will terminate upon the occurrence of any one of the conditions specified in the prior judgment. Gilleland v. Meadows, supra.

 As we view the record, the main question in this appeal is whether a wife, after a divorce decree awarding her the use and benefit of the homestead, can in a subsequent suit waive her homestead rights and be awarded her interest or equitable division therein. We hold she can. Coleman v. Banks, 349 S.W.2d 737 (Tex.Civ.App., Dallas, 1961, writ ref., n. r. e.) and 60 Tex.Jur.2d, page 193, Sec. 10.

In the case of Coleman v. Banks, supra, the court said: " * * * The terms and provisions of the property settlement agreement between the parties, and by virtue of which appellant resided in the property following the divorce, did not agree to a legal life estate but merely granted to her the privilege and right to use and occupy the premises under certain designated conditions. * * * Nor is there any merit in appellant's contention that her use of the property in question cannot be abandoned. * * * Appellant having nothing more than the right or privilege of use and occu-

pancy of the premises in question and not a legal life estate, her right therein is subject to abandonment. * * *" Points 2 and 3 are overruled.

After a careful review of the record in this case, we do not think that the trial court committed error in awarding to appellee a recovery from the appellant in the sum of $4,850.00 as reimbursement for her community interest in said property and placing a lien on the property to secure the money recovery of the appellee. Milligan v. Milligan, 282 S.W.2d 127 (Tex.Civ.App., San Antonio, 1955, n. w. h.); Smith v. Smith, 187 S.W.2d 116 (Tex.Civ.App., Fort Worth, 1945, n. w. h.); Hursey v. Hursey, 165 S.W.2d 761 (Tex.Civ.App., Dallas, 1942, writ dism.); Cone v. Cone, 153 Tex. 149, 266 S.W.2d 860 (1954); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App., Fort Worth, 1963, writ dism.).

Judgment affirmed.