James H. MARTIN, Independent
Executor, Appellant,

v.

Iva FLENER et al., Appellees.

No. 978.

Court of Civil Appeals of Texas,
Tyler.

Nov. 18, 1976.

Rehearing Denied Dec. 9, 1976.

Esir Tobolowsky, Dallas, for appellant.

Barney B. Hemphill, Dallas, for appellees.

DUNAGAN, Chief Justice.

Appellant, James H. Martin, Independent Executor of the Estate of Gus T. Flener, deceased (plaintiff) brought this suit under the Uniform Declaratory Judgment Act asking the Court to declare appellant entitled to the entire amount of a condemnation award to be paid by the city to Gus T. Flener, deceased, and his divorced wife, Iva Flener (appellee-defendant). Appellee Iva Flener demanded one-half of the award as a tenant in common. Trial was held without a jury. The court rendered judgment in favor of appellee. The trial court pursuant to appellant's request filed its findings of fact and conclusions of law. Appellant alleges 41 points of error.

Gus Flener, deceased, and appellee were married in 1942. In 1948 Flener purchased real property in Dallas receiving title solely in his name. Appellee and Flener were divorced in 1951. The petition for divorce did not mention the property here in question, nor did the judgment. The divorce decree did not incorporate the property settlement agreement as a part thereof nor ratify or approve same. The decree merely states "property rights adjusted by agreement." The decree does not make any disposition or adjudication of any of the property of the Fleners, nor purport to do so. It only dissolved the marriage of the parties. An agreed property settlement was executed but no mention of the property purchased by Flener in 1948 was made in the settlement. Flener died in 1972 and appellant became executor of his estate. Subsequently, the city of Dallas condemned the property in question and appellant and appellee were jointly awarded the sum of $10,500.00. Plaintiff brought suit for the entire amount, contending in the trial court as on appeal that:

(1) the divorce property settlement, in making no mention of the property, gave the property to Flener as his separate property; or, alternatively, that

(2) appellee was barred from making any claim to the property by the ten, five and three year statute of limitations;

(3) that the divorce property settlement was a judicial admission that the land was not community property; or, alternatively, that

(4) if the property was community property, the appellee is barred from asserting her interest by the doctrine of laches, judicial estoppel, estoppel and res judicata.

Pursuant to these general contentions, appellant alleges that the court erred in finding that:

(1) the property was community property;

(2) the divorce property settlement did not determine rights to all property; and that

(3) the parties exercised joint dominion over the property after the divorce, with

each having made expenditures on the property.

The last paragraph (other than the formal parts) of the written property settlement reads:

"Each of the parties hereto represent to the other that the above properties are all of the community property owned or possessed by either of them and each party hereto agrees to sign and execute any and all papers, deeds and instruments which may be necessary in the conveyance of title and delivery of possession of such properties to the other."

The property settlement bore an acknowledgment but no jurat. The court, in part, found:

(a) that the property in question was acquired as community property during the marriage of Gus Flener and Iva Flener;

(b) that such property was owned by Gus Flener and Iva Flener from the time of its acquisition and purchase and was so owned and possessed by them and remained on hand as community property on July 7, 1951 (the date of the divorce judgment);

(c) that the judgment of divorce in its entirety failed to adjudicate the property rights of the parties thereto or make any mention of the property or to approve any property settlement agreement of the parties;

(d) that the property settlement agreement (dated March 2, 1951) "was filed in the aforesaid divorce cause, but such was not acted upon by the Court, and such is entirely silent as to, and makes no partition, award or division" of, said property; that such property settlement is also silent as to other property of the parties as set out in the original petition for divorce;

(e) that Gus Flener and Iva Flener "by their oral agreement made at or about the time of their divorce, that the * * * [property in question] after the divorce, remain as their community property, was and constituted an agreement that such property, after the divorce, continue to be jointly and equally owned by them, and their respective conduct thereafter in regard to

such property and with each other supported and ratified such agreement."

(f) that after the divorce Gus Flener and Iva Flener "both continuously exercised joint dominion thereover, and jointly used and occupied such * * * property, neither of them residing thereat, without interruption or hindrance from the other, from the time of such divorce until the death of Gus T. Flener" in December, 1972; "[t]hat both parties, during all of such time, had and exercised the right of access thereto and possessed keys for entrance thereto, and that at and after the death of said Gus T. Flener, defendant Iva Flener was using and used such premises, had certain of her property thereat, and had keys and access thereto;" and

(g) "[t]hat after the divorce, and from the time thereof until the death of said Gus T. Flener, * * * Iva Flener, from time to time throughout such period, furnished money, materials and labor to keep up, maintain and repair such * * * property."

▪ The law is well established that when a divorce is granted without a partition of the land accumulated during the marriage, in a division of the estate of the parties in the divorce judgment, title to the land vests in the divorced parties as co-tenants or joint owners thereof. *Clendenin v. Krock,* 527 S.W.2d 471, 473 (Tex.Civ.App.-San Antonio 1975, n. w. h.); *Dessommes v. Dessommes,* 461 S.W.2d 525 (Tex.Civ.App.-Waco 1970, n. w. h.); *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970); *Howle v. Howle,* 422 S.W.2d 252 (Tex.Civ.App.-Tyler 1967, n. w. h.). In *Clendenin v. Krock,* supra, the court stated:

"* * * The rule permitting a subsequent suit for partition of unpartitioned community property is applicable even when the divorce decree recites that the parties acquired no community property during the marriage. The recitation in a divorce decree that no community property was acquired during the marriage 'is not res judicata so as to prevent' plaintiff from bringing a suit to partition property shown to have been community property.

*Harkness v. McQueen,* 207 S.W.2d 676, 679 (Tex.Civ.App.-Galveston 1947, no writ). Since the property here involved was not brought within the jurisdiction of the court in the divorce proceedings, it cannot be said that the divorce decree operates as a bar against the bringing of this action. *Thompson v. Thompson,* 500 S.W.2d 203 (Tex.Civ.App.-Dallas 1973, no writ).

" * * * As was clearly pointed out in *Busby,* the actual division made in connection with the divorce proceeding has no effect on a subsequent suit seeking partition of property not disposed of by the divorce decree. * * * "

This court in *Howle v. Howle,* supra, said:

"Moreover, it seems to be a well established rule of law in this state that a decree of divorce which does not purport to make a partition of the property between the husband and wife, or to settle their rights to property claimed by either, does not preclude a suit by either party for such partition, *or for the establishment of such rights as either spouse may have.*" (Emphasis added.)

█ Insofar as this record shows, the property in question was the only property belonging to the community estate of the parties that was not divided at the time the partition suit was instituted. Under well settled principles of law, where a husband and wife own community property and are divorced without a division thereof by the divorce decree they become joint owners or tenants in common in the property. *Ex Parte Williams,* 160 Tex. 314, 330 S.W.2d 605 (1960); *Taylor v. Catalon,* 140 Tex. 38, 166 S.W.2d 102 (1942).

█ Because the property settlement agreement, which was signed by both of the parties, stated that the parties "represent to the other that the above properties [which did not include the subject property] are all of the community property owned or possessed by either of them * * * " it did not operate to give Gus Flener any better title to the subject property than it gave Iva Flener. Where such is the case,

the settlement agreement cannot be held to preclude either party from demanding a partition of the community property not there included nor can it prevent the establishment of such rights as either spouse may have. *Kirberg v. Worrell,* 44 S.W.2d 940, 942 (Tex.Com.App.1932, holding approved).

█ It is the established law that in a non-jury case the trial court, as the trier of the facts in the cause, is the judge of the credibility of the witnesses and the weight to be given their testimony and that even though the evidence is conflicting, where there be evidence of probative force, the findings of the trial court will not be destroyed. *Waters v. Waters,* 498 S.W.2d 236, 240 (Tex.Civ.App.-Tyler 1973, writ ref'd n. r. e.); *Hayes v. Easter,* 437 S.W.2d 652, 654 (Tex.Civ.App.-Texarkana 1968, n. w. h.); *Black v. Shell Oil Company,* 397 S.W.2d 877, 882 (Tex.Civ.App.-Texarkana 1965, writ ref'd n. r. e.).

"In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary. * * * " *Waters v. Waters,* supra; also see *State v. Williamson-Dickie Manufacturing Company,* 399 S.W.2d 568, 570 (Tex.Civ.App.-Fort Worth 1966, writ ref'd n. r. e.).

We find in the record evidence of probative force to support the trial court's findings of fact, conclusions of law and judgment. We have considered each of appellant's points of error. They are overruled.

The judgment of the trial court is affirmed.

Affirmed.